IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CITY OF MOUNTAIN PARK, GEORGIA

              Plaintiff,

v.

LAKESIDE AT ANSLEY, LLC, et al.,

              Defendants.

_____

Civil Action File
No. 1:05-CV-2775-CAP

## PLAINTIFF'S REQUEST FOR JURY CHARGES

COME NOW, Plaintiff in the above styled case, and submits Plaintiff's

Requests to Charge, numbers 1-41.  In addition, Plaintiff requests that the jury be

charged as to the following instructions from the U.S. Eleventh Circuit District

Judges Association, Pattern Jury Instructions (Civil Cases) (2007): Basic

Instruction # 2.2 (Consideration of the Evidence, Duty to Follow Instructions,

Corporate Party Involved); Basic Instruction #3 (Credibility of Witnesses); Basic

Instruction #4.1 (Impeachment of Witnesses, Inconsistent Statements); Basic

Instruction #5.1 (Expert Witness, General Instruction); and Basic Instruction #6.2

(Burden of Proof, When There are Multiple Claims or When Both Plaintiff and

Defendant or Third Parties Have Burden of Proof).

Respectfully submitted this 7th day of June, 2010.

SCHULTEN WARD & TURNER, LLP

/s/ *Martin A. Shelton*
Martin A. Shelton – Ga. Bar No. 640749
Holly P. Cole – Ga. Bar No. 339919
Kevin L. Ward - Ga. Bar No. 367456
Jennifer L. Pennington - Ga. Bar No. 571398

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
(tel)  404-688-6800
(fax) 404-688-6840
mas@swtlaw.com/hpc@swtlaw.com/klw@swtlaw.com/jlp@swtlaw.com

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to the Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing document is a computer document prepared in Book Antiqua (13 point) font in accordance with Local Rule 5.1C.

So certified this 7th day of June, 2010.

SCHULTEN WARD & TURNER, LLP

/s/ Martin A. Shelton
Martin A. Shelton – Ga. Bar No. 640749
Holly P. Cole – Ga. Bar No. 339919
Kevin L. Ward - Ga. Bar No. 367456
Jennifer L. Pennington - Ga. Bar No. 571398

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
(tel)  404-688-6800
(fax) 404-688-6840
mas@swtlaw.com/hpc@swtlaw.com/klw@swtlaw.com/jlp@swtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a true and correct copy of the above and foregoing pleading to be filed with the Clerk of Court via the CM / ECF system which automatically sends a service copy via email notification upon the following counsel of record:

Edward F. Preston, Esq. / ed.preston@colemantalley.com
Counsel for Lakeside at Ansley, LLC and Chatham Holdings Corp.

Michael S. Love, Esq. / mlove@wslaw.net
Counsel for Crabapple Development & Investment Corp.

Jennifer Cooper, Esq. / jcooper@bakerdonelson.com
Counsel for Day Investments II, LLC

Patrick B. Moore / pmoore@wwhgd.com
Counsel for Peachtree Residential Properties, Inc.

So certified this 7th day of June, 2010.

SCHULTEN WARD & TURNER, LLP

/s/ Martin A. Shelton
Martin A. Shelton – Ga. Bar No. 640749

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
(tel)  404-688-6800/(fax) 404-688-6840
hpc@swtlaw.com

Plaintiff's Request to Charge No. 1
Page No. 1

## Clean Water Act

In this case the Plaintiff claims that the Defendants violated a federal law
known as the Federal Water Pollution Control Act, commonly referred to as the
Clean Water Act or CWA that prohibits the discharge of any pollutant into
"waters of the United States" except in accordance with standards promulgated
and permits issued under the Act.[1]  The CWA contains a citizen suit provision
which authorizes persons directly injured by an environmental violation to act as
private attorneys general and enforce the Act's requirements.[2] The CWA
provides for the issuance, by authorized States, of National Pollutant Discharge
Elimination System (NPDES) permits, which impose certain effluent standards
and limitations and establish related monitoring and reporting requirements.[3]

_____

[1]33 U.S.C. §§ 1311(a); 1311(b)(1)(C); *Driscoll v. Adams*, 181 F. 3d 1285, 1289
(11th Cir. 1999).

[2]*Middlesex County Sewerage Authority v. National Sea Clammers Ass'n,* 453
U.S. 1, 16- 17, 101 S.Ct. 2615, 2624 (1981); *Atlantic States Legal Foundation, Inc. v.
Tyson Foods, Inc.*, 897 F.2d 1128, 1131 (11th Cir. 1990) (CWA); *College Park Holdings,
LLC. v. Racetrac Petroleum, Inc.*, 239 F.Supp.2d 1334, 1346 (N.D. Ga. 2002) (RCRA).

[3]33 U.S.C. § 1342; *Friends of The Earth  v. Laidlaw Environmental Services, Inc.*,
528 U.S. 167, 174 (2000); *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1010
(11th Cir. 2004).

Plaintiff's Request to Charge No. 1
Page No. 2

State issued permit conditions, approved by the Environmental Protection

Agency ("EPA"), constitute effluent standards and limitations enforceable in a

citizen suit under the CWA.[4]   In Georgia, storm water discharges associated with

construction activities, such as residential subdivision developments, are covered

by general permits.[5]  If Defendants are found to have violated CWA §§ 301, 402

or 404, Plaintiff is entitled to seek an injunction requiring Defendants to clean up

the past pollution and restore the lakes and wetlands in Mountain Park to their

natural condition.[6]

Specifically, the Plaintiff claims that Defendants violated Section 301 of the

CWA by discharging sediment and other pollutants into waters of the United

---

[4]*Parker*, 386 F.3d at 1005-07; 33 U.S.C. § 1365(f)(6); *EPA v. California*, 426 U.S. 200, 223-24, 96 S.Ct. 2022, 48 L.Ed.2d 578 (1976).

[5]40 C.F.R. § 122.26(b)(14)(x); CWA § 402(b), 33 U.S.C. § 1342(b); O.C.G.A. § 12-5-20 *et seq.*

[6]33 U.S.C. § 1319(b)(d); 33 U.S.C. § 1365(a); *Atlantic States Legal Found., Inc. v. Tyson Foods, Inc.*, 897 F.2d 1128, 1133 (11th Cir. 1990); *U.S. v. Sea Bay Dev. Corp.*, 2007 WL 1378544, *1, *3 (E.D. Va. May 8, 2007)); *United States v. Alcoa, Inc.*, 98 F. Supp.2d 1031, 1034, 1037-1039 (N.D. Ind. 2000); *United States v. Telluride Co.*, 146 F.3d 1241, 1246-48 (10th Cir. 1998); *United States v. Smith*, 149 F.3d 1172, *3 (4th Cir. 1998); *United States v. Cumberland Farms of Connecticut, Inc.*, 826 F.2d 1151, 1164-65 (1st Cir. 1987).

Plaintiff's Request to Charge No. 1
Page No. 3

States, including those located in the City of Mountain Park, violated Section 402

of the CWA by failing to comply with the terms of their permits requiring the use

of best management practices to control and prevent the discharge of sediment,

prohibiting violations of Georgia's water quality standards which are

incorporated into the permit, and requiring Defendants to adequately protect of

adjoining properties and to preserve stream buffers, and violated Section 404 of

the CWA by discharged fill material in the waters of the United States without a

dredge and fill permit.

**Section 301 of CWA**

In order to prevail on the claim that Defendants violated Section 301 of the

CWA, the Plaintiff must prove each of the following facts by a preponderance of

the evidence:

**First:**      That the Defendants (a) discharged or "added" (b) a pollutant
(c) to waters of the United States (d) from a point source; **and**

**Second:**     That such discharge occurred either (a) without a permit; or
(b) in violation of a permit."[7]

---

[7]*Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1008 (11th Cir. 2004); *Driscoll v. Adams*, 181 F. 3d 1285, 1288 (11th Cir. 1999);*State of Georgia v. City of East Ridge, Tenn.*, 949 F. Supp. 1571, 1576 (N.D. Ga. 1996).

Plaintiff's Request to Charge No. 1
Page No. 4

The CWA defines the "discharge of a pollutant" or "pollutants" as "***any addition*** of any pollutant to navigable waters from any point source."[8]  The term "pollutant" is defined broadly to include, *inter alia*, "dredged spoil," "solid waste," "garbage," "rock," "sand," and "industrial" waste.[9]  Sediment, which is composed primarily of sand and silt, is a pollutant.[10]  Storm water is also a pollutant under the CWA.  33 U.S.C. § 1342(p)(3)(A).[11]

"Waters of the United States" is broadly defined to include all bodies of water which are navigable-in-fact, such as lakes and rivers, as well as wetlands and tributaries which are either adjacent to or have a "significant nexus" to waters that are navigable-in-fact.[12]  A "significant nexus" exists where a non-

---

[8]33 U.S.C. 1362(12); CWA § 502(12) .

[9]33 U.S.C. 1362(6); CWA § 502(6).

[10]*Driscoll*, 181 F.3d at 1291; *Weiszmann v. District Engineer, U.S. Army Corps of Engineers*, 526 F.2d 1302, 1306 (5th Cir. 1976).

[11]*Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1009-10 (11th Cir. 2004); 40 C.F.R. §§ 122.26(a)(6), (b)(14)(x); *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1525 n.1 (11th Cir. 1996); *North Carolina Shellfish Growers Assoc. v. Holly Ridge Assoc., LLC*, 278 F.Supp.2d 654, 678-79 (E.D.N.C. 2003); *Jones v. E.R. Snell Contractor, Inc.*, 333 F.Supp.2d 1344, 1348 (N.D. Ga. 2004).

[12]*Rapanos v. United States*, 126 S.Ct. 2208,2221,2227,2249; 547 U.S. 715, 759, 779, 787 (2006) (Kennedy, J., concurring); *U.S. v. Robison*, 505 F.3d 1208, 1220-22

Plaintiff's Request to Charge No. 1
Page No. 5

navigable wetland or tributary significantly affects the chemical, physical and

biological integrity of a water that is navigable-in-fact."[13]

A "point source" is defined as "any discernable, confined and discrete

conveyance, including but not limited to any pipe, ditch, channel, tunnel,

conduit, well, [or] discrete fissure . . . from which pollutants are or may be

discharged."[14] "[D]ebris and construction equipment" as well as "backhoes and

other earth-moving equipment" are also point sources.[15]  Sediment ponds,

ditches which collect stormwater, improper check dams and sediment traps

which are "buried by sediment," and a development site itself are also point

sources.[16]

_____

(11th Cir. 2007); *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1009-10 (11th Cir. 2004); 33 C.F.R. § 328.3(a); 40 C.F.R. §122.2.

[13]*Rapanos v. United States*, 126 S.Ct. at 2248.

[14]33 U.S.C. 1362(14); CWA § 502(14).

[15]*Parker*, 386 F.3d at 1009; *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 922 (5th Cir. 1983).

[16]*North Carolina Shellfish Growers Ass'n v. Holly Ridge Assoc., LLC*, 278 F. Supp.2d 654, 678-81 (E.D.N.C. 2003) ("*N.C. Shellfish*"); *Sierra Club v. Abston Constr. Co., Inc.*, 620 F.2d 41, 45 (5th Cir. 1980); *Residents Against Indus. Landfill Expansion v. Diversified Systems, Inc.*, 804 F. Supp. 1036, 1038 (E.D. Tenn. 1992); *Trustees for Alaska v. EPA*, 749 F.2d 549 (9th Cir. 1984).

Plaintiff's Request to Charge No. 1
Page No. 6

## Section 402

Section 402 of the CWA provides that anyone discharging pollutants into waters of the United States must first obtain a National Pollutant Discharge Elimination System ("NPDES") permit.[17] Even if a site has obtained coverage under a storm water discharge permit, failure to comply with the terms of the permit is a violation of the Clean Water Act.[18]

The three permits at issue here are (1) *Georgia Environmental Protection Division Authorization to Discharge Under the NPDES, Storm Water Discharges Associated with Construction Activity For Common Developments, General Permit No. GAR 100000* (hereinafter "GAR 100000") which was effective August 1, 2000 until August 12, 2003, for construction activities involving the disturbance of five acres or more; (2) GAR100003 which was issued on August 13, 2003 to replace GAR100000 for construction of common developments, such as residential subdivisions, involving the disturbance of one acre or more; and (3) GAR100001

---

[17]33 U.S.C. § 1342(a); CWA § 402(a).

[18]*Laidlaw*, 528 U.S. at 174, citing 33 U.S.C. § 1342(h); *Pacific Lumber Co.*, 469 F.Supp.2d at 827; *U.S. v. Allegheny Ludlum Corp.*, 118 F.Supp.2d 615 (W.D.Pa. 2000); *Culbertson v. Coats Am., Inc.*, 913 F.Supp. 1572, 1581 (N.D.Ga.1995); *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1010 (11th Cir. 2004); GAR100000, Section VI(A)(1); GAR 100003.

Plaintiff's Request to Charge No. 1
Page No. 7

for stand alone projects involving the disturbance of one acre or more.  Pursuant

to the terms and conditions of the General Permit, Defendants may only

discharge storm water and no pollutants.[19]  The General Permit prohibits storm

water discharges which violate Georgia water quality standards set forth in Ga.

R. & Reg. § 391-3-6.03, including[20]:

    (1)    "**All waters shall be free from** material related to municipal,
industrial or other discharges which produce **turbidity**, **color**, odor
or other objectionable conditions which interfere with legitimate
water uses."  GA. R. & REG. § 391-3-6-.03(5)(c) (emphasis added).

    (2)    "**All waters shall be free from turbidity** which results in a
substantial visual contrast in a water body due to a man-made
activity. . . . For land disturbing activities, **proper design,
installation, and maintenance of best management practices** and
compliance with issued permits shall constitute compliance. . . ."
GA. R. & REG. § 391-3-6-.03(5)(d) (emphasis added).

    (3)    "**All waters shall be free from** . . . **floating debris** . . . in amounts
sufficient to be unsightly or to interfere with legitimate water uses."
GA. R. & REG. § 391-3-6-.03(5)(b) (emphasis added).

The General Permit requires the proper design, implementation, and

maintenance of, at all times, the appropriate Best Management Practices

_____

[19]GAR 100000, Section III(A)(1); GAR 100001, Section III(A)(1); GAR 100003,
Section III(A)(1).

[20]*See* GAR100000, Part I(C)(4); GAR100001, Part I(C)(4) GAR 100003, Part
I(C)(4).

Plaintiff's Request to Charge No. 1
Page No. 8

("BMPs") to prevent and minimize erosion and resultant sedimentation for all construction and land disturbing activities.[21] Each day that BMPs are not in place is a separate violation of the General Permit. *Id.* Where BMPs are not in place, a discharge which has turbidity of greater than 25 NTUs constitutes a violation of the Permit.[22] The General Permit requires adherence to specific engineering principles including the protection of adjoining properties and the preservation of stream buffers.[23]

In order to prevail on the claim that Defendants violated Section 402 of the CWA, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

> **First:** That Defendants engaged in land disturbance activity subject to the requirements of a National Pollutant Discharge Elimination System Permit; **and**
>
> **Second:** That Defendants discharged pollutant-laden storm water; **or**

---

[21]GAR100000, Part III(C)(1&2); GAR100001, Part III(C)(1&2) GAR 100003, Part III(C)(1)-(2).

[22]GAR100000, Part III(C)(3); GAR100001, Part III(C)(3) GAR100003, Part III(C)(3).

[23]GAR100000, Part IV; GAR100001, Part IV GAR10003, Part IV.

Plaintiff's Request to Charge No. 1
Page No. 9

**Third:**   That Defendants failed to properly design, implement, and/or maintain, at all times, the appropriate Best Management Practices (BMPs) to prevent and minimize erosion and resultant sedimentation for all construction and land disturbing activities; **or**

**Fourth:**   That Defendants discharged storm water with a turbidity of greater than 25 NTUs at times when BMPs were not in place; **or**

**Five:**   That Defendants failed to adhere to specific engineering principles including the protection of adjoining properties and the preservation of stream buffers; **or**

**Six:**   That Defendants' storm water discharges violated Georgia's water quality standards as set forth in the Permit.

The General Permit provides that "Each permittee must comply with all applicable conditions of this permit . . . Failure of a primary permittee or secondary permittee to comply with any applicable term or condition of this permit shall not relieve any other primary or secondary permittee from noncompliance with their applicable terms and conditions of this permit."[24] "Primary Permittee" means both the Owner and the Operator of a tract of land for common development, or of a stand-alone facility that is not part of a

_____

[24]GAR 100000 Part VI (A)(1); GAR100003, Part V(A)(1); GAR 100000 Part I(B)(24).

Plaintiff's Request to Charge No. 1
Page No. 10

common development.[25]  The Permit also provides that "[u]nless and until

responsibility for a site covered under this permit is properly terminated

according to the terms of the permit, the initial permittee remains responsible for

compliance with all applicable terms of the permit and for any violations of said

terms."

### Section 404

Section 404 of the Clean Water Act absolutely prohibits the discharge of

dredged or fill material into waters of the United States without a permit or in

violation of a permit issued by the U.S. Army Corps of Engineers ("ACOE"). [26]

In order to prevail on the claim that Defendants violated Section 404 of the

CWA, the Plaintiff must prove each of the following facts by a preponderance of

the evidence:

> **First:**     That Defendants discharged dredged or fill material into
> waters of the United States; **and**
>
> **Second:**    That such discharges were without a Section 404 permit or in
> violation of a Section 404 permit.

---

[25]GAR 100003 Part I (B)(30)

[26]33 U.S.C. § 1344(a); CWA § 404(a); 33 C.F.R. § 323.2(e)(1); 40 C.F.R. § 232.2.

Plaintiff's Request to Charge No. 1
Page No. 11

The discharge of "dredged material" includes additions to water "incidental to any activity, including mechanized landclearing, . . . or other excavation." "Fill material" is defined as "material placed in waters of the United States where the material *has the effect* of . . . [r]eplacing any portion of a water of the United States with dry land" or "[c]hanging the bottom elevation of any portion of a water of the United States."[27] Fill material includes "rock, sand, soil, [and] . . . construction debris."[28]

Discharge of fill material includes the "[p]lacement of fill that is necessary for the construction of any structure or infrastructure in a water of the United States" and "the building of any structure, infrastructure, or impoundment requiring rock, sand, dirt or other material for its construction."[29]

---

[27] 33 C.F.R. § 323.2(e)(1)(i)-(ii); *see also* 33 C.F.R. § 323.2(f).

[28] 33 C.F.R. § 323.2(e)(2).

[29] 33 C.F.R. § 323.2(f).

Plaintiff's Request to Charge No. 2
Page No. 1

### **When Laws Become Obligatory: Effect of Ignorance**

After they take effect, laws are obligatory; ignorance of the law excuses no one.

O.C.G.A. § 1-3-6

Plaintiff's Request to Charge No. 3
Page No. 1

## Nuisance

In this case the Plaintiff claims that the Defendants created and maintained a continuing nuisance as a result of their development and construction activities. Specifically, the Plaintiff alleges that Defendants engaged in land disturbance and construction activities which resulted in the repeated discharge of sediment and an increased volume of storm water into the lakes, streams and wetlands in the City of Mountain Park.

In order to prevail on this claim the Plaintiff must prove the following facts by a preponderance of the evidence:

**First:**      That Defendants engaged in activity which was the cause of the nuisance on the Plaintiff's property; **or**

**Second**:    That Defendants maintained the conditions which were the cause of the nuisance on the Plaintiff's property; **and**

**Third:**     That Defendants' actions worked hurt, inconvenience or damage to the Plaintiff; **and**

**Fourth:**    That the hurt, inconvenience, or damage is such as would affect an ordinary, reasonable person.

A nuisance is anything that works hurt, inconvenience, or damage to another. The fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as

Plaintiff's Request to Charge No. 3
Page No. 2

would affect only one of extraordinary or demanding taste, but it shall be such as

would affect an ordinary, reasonable person.

Some examples of what creates a nuisance are pollutants, storm water or

silt-laden storm water or anything else that causes discomfort to a property

owner.  These examples are not an exhaustive list, and it is your job to determine

if, based on the evidence you have heard, whether Defendants created a nuisance

which injured Plaintiff.

Modified Superior Court Pattern Jury Instructions § 46.010 Nuisances; Definition.
Supporting Authority: O.C.G.A. §41-1-1; *Life for God's Stray Animals, Inc. v. New
North Rockdale County Homeowners Assn.*, 253 Ga. 551, 553, 322 S.E.2d 239 (1984);
*City of Atlanta v. Murphy*, 194 Ga. App. 652, 391 S.E.2d 474 (1990); *Baumann v.
Snider*, 243 Ga. App. 526, 528, 532 S.E.2d 468 (2000); *Sumitomo Corp. v. Deal*, 256
Ga. App. 703, 705, 569 S.E.2d 608 (2002).

Plaintiff's Request to Charge No. 4
Page No. 1

### Nuisance

The privilege of use incident to the right of property must not be exercised

in an unreasonable manner so as to inflict injury upon another unnecessarily.  To

constitute a nuisance, the use must be such as to produce actual, tangible, and

substantial injury to neighboring property or such as to interfere sensibly with its

use and enjoyment by persons of ordinary sensibilities.

Superior Court Pattern Jury Instructions § 46.030 Nuisances; Reasonable Use of
Property, Duty of.  Supporting Authority: *Holman v. Athens Empire Laundry Co.*,
149 Ga. 345 (1919); *Gordy v. Armstrong*, 190 Ga. 670, 679 (1940).

Plaintiff's Request to Charge No. 5
Page No. 1

## **Nuisance**

Compliance with regulations does not prohibit a finding that the

Defendants' activity is a nuisance.

An  increase in stormwater discharges constitutes a continuing nuisance

despite the fact that a detention pond on the construction site meets all applicable

legal requirements where the evidence shows that the detention pond did not

operate as designed and was discharging water at greater than the pre-

development rate.

Supporting Authority: *Sumitomo Corp. v. Deal*, 256 Ga. App. 703 (2002); *Galaxy
Carpet Mills, Inc. v. Massengill*, 255 Ga. 360 (1986); *Stone Man Inc. v. Green*, 263 Ga.
470 (1993); *City of Roswell v. Bolton*, 271 Ga. App. 1, 3-4 (2004).

Plaintiff's Request to Charge No. 6
Page No. 1

## **Nuisance**

Defendants remain liable for maintaining the conditions which led to a

nuisance and trespass despite the fact that they no longer own the property.

Supporting Authority: *Smith v. Branch*, 226 Ga. App. 626 (1997);  *Hoffman v. Atlanta Gas Light Co.,* 206 Ga. App. 727, 730 (1992).

Plaintiff's Request to Charge No. 7
Page No. 1

## <u>Trespass</u>

In this case the Plaintiff claims that the Defendants committed a trespass

onto the Plaintiff's property.  Specifically, the Plaintiff alleges that the ongoing

discharge of sediment and an increased volume of storm water into the lakes,

streams and wetlands in the City of Mountain Park by the Defendants constitutes

a continuing trespass which has resulted in damages to the Plaintiff.

In order to prevail on this claim the Plaintiff must prove the following facts

by a preponderance of the evidence:

<u>First:</u>   That Defendants discharged sediment or other pollutants into the lakes, streams and or wetlands on the Plaintiff's Property; and/or

<u>Second:</u>   That Defendants discharged an increased volume of storm water into the lakes, streams and or wetlands on the Plaintiff's Property; and

<u>Third:</u>   That such discharges were unauthorized and without the Plaintiff's consent; and

<u>Fourth:</u>   That such discharges interfered with Plaintiff's property rights and/or otherwise resulted in damage to the Plaintiff.

The unauthorized entry onto the property of another by water or by dirt,

silt, sediment and the like, is a trespass.  O.C.G.A. § 51-9-1 provides the statutory

authority for a trespass cause of action, stating "[t]he right of enjoyment of

Plaintiff's Request to Charge No. 7
Page No. 2

private property being an absolute right of every citizen, every act of another

which unlawfully interferes with such enjoyment is a tort for which an action

shall lie."  Property rights include the right to "possess, use, enjoy and dispose of

[the property], and the corresponding right to exclude others from the use."

Supporting Authority: O.C.G.A. § 51-9-1; *Webster v. Snapping Shoals Electric Membership Corp.*, 176 Ga. App. 265, 266, 335 S.E.2d 637, 639 (1985), *citing* 27A EGL 255, Trespass, Sec. 6 (1985 Rev.); *Saheen v. G & G Corp.*, 230 Ga. 646, 648, 198 S.E.2d 853, 855 (1973); *Kingsley Mill Corp. v. Edmonds*, 208 Ga. 374, 67 S.E.2d 111, 112 (1951); *Gill v. First Christian Church, Atlanta, Georgia, Inc.*, 216 Ga. 454, 117 S.E.2d 164, 165 (1960); *Southern Mutual Investment Corp. v. Langston*, 128 Ga. App. 671, 197 S.E.2d 775 (1973); *Roughton v. Theile Kaolin Co.*, 209 Ga. 577, 74 S.E.2d 844 (1953); *Tyler v. Lincoln*, et. al., 236 Ga. App. 850, 513 S.E.2d 6 (1999), *rev'd in part by*, 272 Ga. 118, 527 S.E.2d 180 (2000); *Ellis v. Gallof*, 220 Ga. App. 518, 469 S.E.2d 288 (1996); *Dept. of Transp. v. Arnold*, 243 Ga. App. 15, 18, 530 S.E.2d 767, 771 (2000); *Pope v. Pulte Home Corp.*, 246 Ga. App. 120, 120, 539 S.E.2d 842, 843 (2000).

Plaintiff's Request to Charge No. 8
Page No. 1

**<u>Trespass</u>**

A trespass occurs when a Defendant grades his property, thereby altering

the natural contour of the land, and causing dirt or sediment- laden storm water

runoff to be deposited onto an adjoining landowner's property.

Supporting Authority: *Webster v. Snapping Shoals Electric Membership Corp.*, 176
Ga. App. 265, 266, 335 S.E.2d 637, 639 (1985), *citing* 27A EGL 255, Trespass, Sec. 6
(1985 Rev.); *Saheen v. G & G Corp.,* 230 Ga. 646, 648, 198 S.E.2d 853, 855 (1973);
*Tyler v. Lincoln*, et. al., 236 Ga. App. 850, 513 S.E.2d 6 (1999), *rev'd in part by*, 272
Ga. 118, 527 S.E.2d 180 (2000);  *Ellis v. Gallof*, 220 Ga. App. 518, 469 S.E.2d 288
(1996).

Plaintiff's Request to Charge No. 9
Page No. 1

### Trespass

When the land disturbance activities of the Defendant cause "mud, silt and debris" and "water . . . in a concentrated and unnatural flow" to enter upon an adjoining property, a cause of action for trespass arises.  A trespass exists where the Defendant's development activities "increased the flow of surface water and sediment onto plaintiffs' property."

Supporting Authority: *Gill v. First Christian Church, Atlanta, Ga., Inc.*, 216 Ga. 454, 454-55, 117 S.E.2d 164, 166 (1960); *Tyler v. Lincoln*, 236 Ga. App. at 850-52, 513 S.E.2d at 7-8.

Plaintiff's Request to Charge No. 10
Page No. 1

## **Negligence**

In this case the Plaintiff claims that Defendants were negligent and that

such negligence was a legal cause of damage sustained by the Plaintiff.

Specifically, the Plaintiff alleges that Defendants engaged in construction

activities in such a manner as to discharge eroded soils, sediment, other

pollutants, and increased volumes of storm water onto the Plaintiff's property;

that Defendants failed to comply with all applicable provisions of the regulations

of storm water management and erosion and sedimentation control; that

Defendants failed to implement appropriate storm water controls which resulted

in storm water discharges being directed onto the Plaintiff's property without

treatment or control; that Defendants' discharges have brought excessive

volumes of water, eroded soils and sediments onto the Plaintiff's property; that

Defendants had a duty to make sure that all applicable laws and regulations were

followed and that the construction was undertaken in a manner so that the

Plaintiff's property, was not damaged by the construction; and that Defendants

breached this duty by engaging in development and construction activities in an

unreasonable manner which negligently allowed sediment, eroded soils,

increased stormwater and other debris to come onto and damage the Plaintiff's

Plaintiff's Request to Charge No. 10
Page No. 2

property.

In order to prevail on this claim the Plaintiff must prove both of the

following facts by a preponderance of the evidence:

**First:**      That the Defendants were "negligent;" **and**

**Second:**    That such negligence was a "legal cause" of damage sustained
by the Plaintiff.

"Negligence" is the failure to use reasonable care.  Reasonable care is that

degree of care that a reasonably careful person would use under like

circumstances.  Negligence may consist either in <u>doing</u> something that a

reasonably careful person would not do under like circumstances, or in <u>failing</u> to

do something that a reasonably careful person <u>would</u> do under like

circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and

continuous sequence produces, or contributes substantially, to producing such

damage, so it can reasonably be said that, except for the negligence, the loss,

injury or damage would not have occurred.  Negligence may be a legal cause of

damage even though it operates in combination with the act of another, some

natural cause, or some other cause if such other cause occurs at the same time as

Plaintiff's Request to Charge No. 10
Page No. 3

the negligence and if the negligence contributes substantially to producing such damage.

If a preponderance of the evidence does not support the Plaintiff's claim, then your verdict should be for the Defendant.  If, however, a preponderance of the evidence does support the Plaintiff's claim, you will then consider the defense(s) raised by the Defendants.

The Defendants contend that other non-parties were also negligent and that such negligence was a legal cause of the Plaintiff's injury.  This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon the Defendant who must establish:

**First:**       Other non-parties were also negligent; **and**

**Second:**    That such negligence was a legal cause of the Plaintiff's damage.

Eleventh Circuit District Judges Association's Pattern Jury Instructions, Civil Cases, State Claims Instructions §1.1., modified to incorporate O.C.G.A. 51-12-33.

Plaintiff's Request to Charge No. 11
Page No. 1

## **Negligence - Legal Duty**

Property owners have a duty to use their land in a manner that does not injure or invade the rights of adjacent property owners. Failure to prevent storm water runoff or sediment from flowing onto a neighboring property constitutes a breach of the duty to prevent injury to adjacent landowners.

Supporting Authority: *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1016 (11th Cir. 2004) (applying Georgia law); *Ponce de Leon Condos. v. DiGirolamo*, 238 Ga. 188, 232 S.E.2d 62 (1977); *Shaheen v. G & G Corp.*, 230 Ga. 646, 648, 198 S.E.2d 853, 855 (1973); *Gill v. First Christian Church, Atlanta, Ga., Inc.*, 216 Ga. 454, 454-55, 117 S.E.2d 164, 166 (1960); *Roughton v. Thiele Kaolin Co.*, 209 Ga. 577, 74 S.E.2d 844 (1953); *City of Roswell v. Bolton*, 271 Ga. App. 1, 608 S.E.2d 659 (2004); *Sumitomo Corp. of Am. v. Deal*, 256 Ga. App. 703, 569 S.E.2d 608 (2002); *Tingle v. Jones*, 249 Ga. App. 654, 656, 549 S.E.2d 477, 479-80 (2001); *Baumann v. Snider*, 243 Ga. App. 526, 527-28, 528 n.3, 532 S.E.2d 468, 472, 472 n.3 (2000); *Tyler v. Lincoln*, 236 Ga.App. 850, 850-52, 513 S.E.2d 6, 7-8 (1999), *rev'd in part*, 272 Ga. 118, 527 S.E.2d 180 (2000); *Arvida/JMB Partners, L.P.-II v. Hadaway*, 227 Ga. App. 335, 335, 489 S.E.2d 125 (1997); *Webster v. Snapping Shoals Elec. Membership Corp.*, 176 Ga. App. 265, 266 (1985); *S. Mut. Inv. Corp. v. Langston*, 128 Ga. App. 671, 197 S.E.2d 775 (1973); *see also Coleman v. Nail*, 49 Ga. App. 51, 174 S.E. 178, 179 (1934); *J.T. Warnock v. M.F. Elliott*, 96 Ga. App. 778, 790, 101 S.E.2d 591, 599 (1957); *Kleber v. City of Atlanta*, 291 Ga. App. 146, 153, 661 S.E.2d 195, 201 (2008); *First Kingston Corp. v. Thompson*, 223 Ga. 6, 6, 152 S.E.2d 837, 838 (1967); *Foxchase, LLLP v. Cliatt*, 254 Ga. App. 239, 562 S.E.2d 221 (2002); *Tyler*, 236 Ga. App. 850, 513 S.E.2d 6; *John H. Smith, Inc. v. Teveit*, 175 Ga. App. 565, 333 S.E.2d 856 (1985); *Allgood Road United Methodist Church, Inc. v. Smith*, 173 Ga. App. 28, 28, 325 S.E.2d 392, 393 (1984).

Plaintiff's Request to Charge No. 12
Page No. 1

## **Negligence**

"[T]he obligation imposed on every member of society by law [is] to conduct himself and use his property as not to injure others."   Defendants cannot use their property in a manner that unreasonably invades the rights of adjacent landowners like the Plaintiff.

Supporting Authority: *Holman v. Athens Empire Laundry Co.,* 149 Ga. 345, 350, 100 S.E. 207, 210 (1919);  *Smith v. Clarke Hardware*, 100 Ga. 163, 28 S.E. 73 (1897); *City of Albany v. James*, 39 Ga. App. 379, 147 S.E. 396 (1929).

Plaintiff's Request to Charge No. 13
Page No. 1

## **Negligence *Per Se***

The Plaintiff contends that the Defendants violated the following laws and ordinances: the Federal Clean Water Act, the Georgia Water Quality Control Act, the Georgia Erosion and Sedimentation Control Act, the City of Roswell Erosion and Sedimentation Control Ordinance and the City of Roswell Post Development Storm Water Management Ordinance.  Such violations are called negligence *per se*, which means negligence as a matter of law.  It is your duty to decide whether such violations took place or not.

Superior Court Pattern Jury Instructions § 60.050 Torts; Negligence *Per Se*. Supporting Authority: *Central R.R. & Banking Co. v. Smith*, 78 Ga. 694 (1886); *Wilson v. Georgia Power & Light Co.*, 200 Ga. 207, 208 (1946); *Ford Motor Co. v. Carter*, 141 Ga. App. 371, 374; 239 Ga. 647, 662 (1977).

Plaintiff's Request to Charge No. 14
Page No. 1

## **Negligence**

The plaintiff must prove that the Defendants were negligent in one or more ways alleged in order to recover. It is not necessary for the plaintiff to prove that the Defendants were negligent in every way that the plaintiff claims.

Superior Court Pattern Jury Instructions § 60.060 Torts; Negligence; One Act Sufficient.  Supporting Authority: *General Seat, etc., Co. v. Bergen & Sons Inc.*, 91 Ga. App. 431-33 (1955).

Plaintiff's Request to Charge No. 15
Page No. 1

## **Proximate Cause**

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event and without which the event would not have occurred.  Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

Superior Court Pattern Jury Instructions § 60.200 Torts; Proximate Cause; Definition.   Supporting Authority: O.C.G.A. §§ 51-12-3, 51-12-8, 51-12-9.

Plaintiff's Request to Charge No. 16
Page No. 1

## Joint Proximate Cause/Concurrent Negligence

When two or more causes operate directly or happen together in bringing about an injury, there can be a recovery against one or all of the responsible parties.  The mere fact that the injury would not have been sustained if only one of the acts of negligence had occurred does not of itself prevent (or limit) the other act from constituting the proximate cause.  If all acts of negligence contributed directly and concurrently or together in bringing about the injury, they together constitute the proximate cause.

The proximate cause of an injury may be two separate and distinct acts of negligence of different persons.  When concurrent acts of negligence operate together in bringing about an injury, the person injured may recover compensation for the entire loss from either or both of the persons responsible.

Superior Court Pattern Jury Instructions § 60.200 Torts; Proximate Cause; Definition.  Supporting Authority: *Tallman v. Green*, 74 Ga. App. 731, 734 (1947); *Gosser v. Diplomat Restaurant, Inc.*, 125 Ga. App. 620, 624 (1972); *Clyde v. Peterson*, 232 Ga. App. 589 (1998); *Milton Bradley Co. v. Cooper*, 79 Ga. App. 302, 306 (1949); *Stones Independent Oil v. Bailey*, 122 Ga. App. 294, 299 (1970).

Plaintiff's Request to Charge No. 17
Page No. 1

**Riparian Rights**

In this case the Plaintiff claims that Defendants violated the Plaintiff's

riparian rights.  Specifically, the Plaintiff alleges that the Defendants increased

the flow of storm water into the lakes, streams and wetlands on the Plaintiff's

property.

In order to prevail on this claim the Plaintiff must prove the following facts

by a preponderance of the evidence:

**First:**      That Plaintiff is a riparian owner; **and**

**Second:**   That Defendants adulterated the flow of water onto Plaintiff's
            property from its natural state.

Georgia law entitles landowners that live on a stream to certain riparian rights,

including the right to have water flow in its natural state free from adulteration

by artificial means and through man made structures.

Where two lots adjoin, the upper riparian owner can do no act to increase

the flow of water which naturally runs from it to the lower riparian owner by

artificial means.

"As to surface waters, the defendants had no right to concentrate and

collect them and cause them to flow upon the lot of the plaintiff in greater

Plaintiff's Request to Charge No. 17
Page No. 2

quantities at a particular locality, or in a manner different from that in which the

waters would be received by the lower estate if they simply ran down from the

upper lot by the law of gravitation."

Where "by the construction of [structures] to carry off the water which

naturally falls . . . a greater volume or quantity of water is thus thrown upon the

plaintiff's land than otherwise would be there but for the construction …, then

the defendants are liable to the plaintiff for whatever damages . . . sustained

thereby, although the water may run in its natural course in the drains and

sewers so constructed by the defendants."

Supporting authority: O.C.G.A. § 44-8-1; *Kingsley Mill Corp. v. Edmonds*, 208 Ga. 374, 67 S.E.2d 111, 112 (1951); *Rinzler v. Folsom*, 209 Ga. 549, 552, 74 S.E.2d 661, 664 (1953); *Cox v. Martin*, 207 Ga. 442, 62 S.E.2d 164 (1950); *Phinizy v. City of Augusta*, 47 Ga. 260 (1872).

Plaintiff's Request to Charge No. 18
Page No. 1

## **Municipal Corporations**

Municipal corporations, such as the City of Mountain Park, are persons and should be treated equally in terms of their legal status as persons capable of suing and being sued.   Whatever interferes with the comfortable use of their property, for the purposes of their formation, is as much the subject of complaint as though the members were united by some other than a corporate tie.

Supporting Authority: *Cook County, Ill. v. U.S. ex rel. Chandler*, 538 U.S. 119, 119-120, 123 S.Ct. 1239, 1241 (2003); *Baltimore & Potomac R.R. Co. v. Fifth Baptist Church*, 108 U.S. 317, 2 S.Ct. 719 (1883).

Plaintiff's Request to Charge No. 19
Page No. 1

### **Property Rights**

The term "property" includes not only the thing possessed, but also, the rights of the owner in relation to land; the right of a person to possess, use, enjoy and dispose of it, and the corresponding right to exclude others from the use.

The right of enjoyment of private property is an absolute right of every citizen of the State of Georgia.

Supporting Authority: *Bowers v. Fulton County*, 221 Ga. 731 (1966); *Woodside v. City of Atlanta*, 214 Ga. 75 (1966); *Duffield v. DeKalb County*, 242 Ga. 432 (1978); O.C.G.A. § 51-9-1

Plaintiff's Request to Charge No. 20
Page No. 1

## **Liability**

Every act of another which unlawfully interferes with one's right of enjoyment or possession of her own property is a tort for which an action shall lie.

Indeed, "'[p]rivate property cannot be physically harmed or its value impaired in this way, however socially desirable the conduct, without payment being made for the harm done, if the interference that is the consequence of the activity is substantial and considered to be unreasonable.'"

Supporting Authority: O.C.G.A. § 51-9-1 *et seq.*; O.C.G.A. § 51-10-1 *et seq.*; *Berger v. Plantation Pipeline Co.*, 121 Ga. App. 362, 364, 173 S.E.2d 752 (1970); *Fielder v. Rice Constr. Co.*, 239 Ga. App. 362, 365-66 (1999).

Plaintiff's Request to Charge No. 21
Page No. 1

## **Causation**

Injuries are evidenced by a showing that property owners are deprived of the full use and enjoyment of their property by the increased flow of surface waters or sediment on their property.

Supporting Authority: *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 190, 232 S.E.2d 62 (1977).

Plaintiff's Request to Charge No. 22
Page No. 1

## **Compensatory Damages**

Ordinarily, if the evidence proves negligence, nuisance, trespass, and/or violations of riparian rights on the part of the Defendants that was a legal cause of damage to the Plaintiff, you should award the Plaintiff an amount of money that will fairly and adequately compensate the Plaintiff for such damage. If Defendants are found liable on Plaintiff's claims for nuisance, trespass, negligence and riparian rights, the Plaintiff would be entitled to recover for damages to its property.   The measure of damages to property is the loss in fair market value of the property plus the cost to remediate the property.

This Court has previously held that the Plaintiff may not recover "compensatory damages," because the Court found that evidence in this case does not allow the you to determine each Defendants' proportionate contribution to the injury in order to award compensatory damages.  This Court found that under Georgia law, where two or more persons, each acting independently, create or maintain a situation which is a tortious invasion of a landowner's interest in the use and enjoyment of land by interfering with his quiet, light, air, or flowing water, each is liable only for such proportion of the harm caused to

Plaintiff's Request to Charge No. 22
Page No. 2

the land or the loss of enjoyment of it by the owner as his contribution to the

harm bears to the total harm.

However, because the law infers some damage from the invasion of a

property right; and if no evidence is given of any particular amount of loss, it

declares the right by awarding what it terms "nominal damages."  Accordingly,

this Court found that the Plaintiff will not be precluded from recovery of nominal

damages, punitive damages, and attorneys fees with respect to its claims for

nuisance, trespass, negligence and violation of riparian rights.  In addition,

because the Plaintiff's claims also give rise to damages to the person, which

include inconvenience, unhappiness, and annoyance caused by the Defendants'

actions, and such damages are to be determined by the enlightened conscience of

the jury, the Plaintiff is entitled to recover for damages to the person.


Eleventh Circuit District Judges Association's Pattern Jury Instructions, Civil
Cases, Excerpt from State Claims Instructions § 1.1, modified to incorporate
Georgia's law on nuisance and trespass rather than personal injury actions; *City
of Atlanta v. Murphy*, 194 Ga. App. 652, 391 S.E.2d 474 (1990); *Arvida/JMB Partners,
L.P.-II v. Hadaway*, 227 Ga. App. 335, 489 S.E.2d 125 (1997); *Bedingfield v. Brewer*,
220 Ga. 453, 139 S.E.2d 389 (1964); *Baumann v. Snider*, 243 Ga. App. 526, 528, 532
S.E.2d 468 (2000); *City of Atlanta v. Murphy*, 194 Ga. App. 652 (1990).

Plaintiff's Request to Charge No. 23
Page No. 1

## **Nominal Damages**

Damages are given as compensation for an injury done, and generally the injury is the measure when the damages are of a character to be estimated in money.  If the injury is small or mitigating circumstances are strong, only nominal damages are given.

What would be a proper amount of nominal damages is a question for you to decide under all the facts and circumstances of the case.

Council of Superior Court Judges of Georgia Suggested Pattern Jury Instruction §66.010, Tort Damages; Generally; Nominal Damages,Vol. I, Civil Cases, 5th ed. (2007).  Supporting Authority: O.C.G.A. § 51-12-4; *High Shoals Mfg. Co. v. Price*, 136 Ga. 22 (1911); *Smith v. Overby*, 30 Ga. 241, 248 (1859); *Batson v. Higginbothem*, 7 Ga.App. 835, 838 (1910); *Ransone v. Christian*, 56 Ga. 351 (1876);  *Miller & Meier & Assoc. v. Diedrich*, 174 Ga.App. 249, 252 (1985).

Plaintiff's Request to Charge No. 24
Page No. 1

## **Nominal Damages**

The law infers some damage from the invasion of a property right and if no evidence is given of any particular amount of loss, declares the right by awarding what it terms nominal damages.

"Nominal damages are always allowed for any invasion of a property right whether or not actual damages result therefrom.  And the law presumes and infers some damage from the invasion of a property right."

"Nominal damages are not limited to a small amount; '[a] plaintiff may recover nominal damages not only where his actual damages are minute, but also where he has not proved his actual damages by a preponderance of the evidence to the satisfaction of the jury.'"

Supporting Authority: *Williams v. Harris*, 207 Ga. 576 (1951); *Weimer v. Cauble*, 214 Ga. 634, 636 (1959); *Ga. Power Co. v. Womble*, 150 Ga.App. 28, 32 (1979);*Kiel v. Johnson*, 179 Ga. App. 43, 44 (1986); *Marshall v. Georgia Power*, 134 Ga. App. 479, 480 (1975); *Miller & Meier & Assoc. v. Diedrich*, 174 Ga.App. 249, 254 (1985); *U.S. Fidelity & Guar. Co., Inc. v. Paul Associates, Inc.*, 230 Ga.App. 243, 252 (1998).

Plaintiff's Request to Charge No. 25
Page No. 1

## **Nominal Damages**

Under applicable Georgia law, recovery for undisputed damage cannot be denied simply because it is difficult or impossible to determine the precise amount of damage caused by defendant's conduct. A negligent actor should not reap a windfall because the results of his wrongful actions became commingled with the acts of another.

Difficulty in ascertainment of damages should not be confused with the right of recovery. Though damages cannot be ascertained by a fixed rule and must be based upon estimates and opinion, it does not follow that no damages should be allowed or that the award should be merely nominal.

In cases where the wrong is of such a nature as to preclude the exact ascertainment of the amount of damages, a plaintiff may recover upon a showing of the extent of the damages as a matter of just and reasonable inference, although the result may be only an approximation.

Supporting Authority: *Kestenbaum v. Falstaff Brewing Corp.*, 514 F.2d 690, 698 (5th Cir. 1975)*; Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555, 563 (1931); *Surles v. Cornell Corrections of California, Inc.,* 290 Ga.App. 260, 270 (2008); *Daniels Towing Service, Inc. v. Nat Harrison Associates, Inc.,* 432 F.2d 103, 106 (5th Cir. 1970); *Coats & Clark, Inc. v. Gay*, 755 F.2d 1506, 1513 (11th Cir. 1985)*; Molly Pitcher Canning Co. v. Cent. of Ga. Ry. Co.*, 149 Ga.App. 5 (1979); *Atlanta Tallow Co. v. John W. Eshelman & Sons, Inc.,* 110 Ga.App. 737 (1964); *Robey v. Sun Record Co.,* 242 F.2d 684, 690 (5th Cir. 1957).

Plaintiff's Request to Charge No. 26
Page No. 1

## **Punitive Damages**

The Plaintiff also claims that the acts of the Defendants were done out of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to the consequences so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find from a preponderance of the evidence in the case that the Plaintiff is entitled to a verdict for actual or compensatory damages, and if you further find, by clear and convincing evidence, that the Defendants did act out of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to the consequences, the law would allow you, in your discretion, to assess punitive damages against the Defendants as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendants, you may consider the financial resources of the Defendant in fixing the amount of such damages.

Plaintiff's Request to Charge No. 26
Page No. 2

Punitive damages, when authorized, are awarded not as compensation to a plaintiff, but solely to punish, penalize, or deter a defendant.

Eleventh Circuit District Judges Association's Pattern Jury Instructions, Civil Cases, Supplemental Damages Instructions § 2.1, modified to conform with O.C.G.A. § 51-12--5.1(b) and Superior Court Pattern Jury Instructions on Damages in Tort Actions § 15, Supporting Authority: O.C.G.A. §51-12-5.1, *Alliance Transp. Inc. v. Mayer*, 165 Ga. App. 344, 345 (1983).
Devitt and Blackmar's Federal Jury Practice and Instructions § 85.19.

Plaintiff's Request to Charge No. 27
Page No. 1

## **Punitive Damages**

An act is wilfully done if done voluntarily and intentionally and with the specific intent to commit such an act.

An act is wantonly done if done in careless disregard of, or indifference to, the rights of the injured party.

An act is maliciously done, if prompted or accompanied by ill-will or such gross indifference to the rights of others as to amount to a wilful act done intentionally without just cause or excuse.

That entire want of care which would raise the presumption of a conscious indifference to consequences of one's actions relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights.

Devitt and Blackmar's Federal Jury Practice and Instructions § 85.19, modified to conform with O.C.G.A. § 51-12--5.1(b); *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 190, 232 S.E.2d 64 (1977); *Baumann v. Snider,* 243 Ga. App. 526, 528, 532 S.E.2d 468  (2000); *Tyler v. Lincoln*, 272 Ga. 118, 121, 527 S.E.2d 180 (2000).

Plaintiff's Request to Charge No. 28
Page No. 1

**<u>Punitive Damages</u>**

Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind.  But you may infer a person's intent from surrounding circumstances.  You may consider any statement made or act done or omitted by a party whose intent is in issue, and all other facts and circumstances which indicate his state of mind.

You may presume a person of sound mind and discretion intends the natural and probable consequences of his act.  The evidence may or may not rebut this presumption.

Devitt and Blackmar's Federal Jury Practice and Instructions § 85.19. Council of Superior Court Judges of Georgia Suggested Pattern Jury Instruction §66.712, Intent to Harm; Acting with, Volume I, Civil Cases, 5th ed. (2007).  Supporting Authority: O.C.G.A. § 16-2-5; *J.B. Hunt Transport v. Benltey*, 207 Ga. App. 250, 255 (1992); *Brinson v. State*, 163 Ga. App. 567 n.2 (1982); *Hayes v. State*, 193 Ga. App. 33, 36 (1989).

Plaintiff's Request to Charge No. 29
Page No. 1

## **Punitive Damages**

Evidence of a defendant's similar acts or omissions on different occasions

are permissible to support a plaintiff's claim for punitive damages.

Supporting Authority: *D.G. Jenkins Homes, Inc. v. Wood*, 261 Ga. App. 322, 325, 582 S.E.2d 478, 481-82 (2003).

Plaintiff's Request to Charge No. 30
Page No. 1

## **Punitive Damages**

Evidence that a trespass was committed upon property which the

Defendant knew belonged to another or where he fails to correct a problem after

being notified of the problem is sufficient to prove that the trespass was wilful for

the purpose of awarding punitive damages.

Supporting Authority: *Dalon Contracting Co. v. Artman*, 101 Ga. App. 828, 115
S.E.2d 377 (1960); *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 232 SE
2d. 62 (1977).

Plaintiff's Request to Charge No. 31
Page No. 1

**<u>Punitive Damages</u>**

A conscious indifference to the consequences may be found where a

Defendant fails to correct a storm water runoff problem after being notified of the

problem.

Supporting Authority: O.C.G.A. § 51-12-5.1; *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 232 SE 2d. 62 (1977); *Raymar v. Peachtree Golf Club Inc.,* 161 Ga. App. 336, 287 S.E.2d 768, 770 (1982); *Baumann v. Snider,* 243 Ga. App. 526, 528 (2000); *Tyler v. Lincoln*, 272 Ga. 118, 121, 527 S.E.2d 180 (2000).

Plaintiff's Request to Charge No. 32
Page No. 1

**<u>Punitive Damages</u>**

A wilful repetition of a nuisance or trespass will authorize a claim for
punitive damages.

A defendant's continued failure to abate a continuing nuisance or trespass
after notice constitutes willful misconduct.

Supporting Authority: *Teague v. York*, 203 Ga. App. 24, 25, 416 S.E.2d 356 (1992);
*CSX Transp. v. West*, 240 Ga. App. 209, 210, 523 S.E.2d 63 (1999); *Tyler v. Lincoln*,
272 Ga. 118, 119, 527 S.E.2d 180 (2000); *Hoffman v. Atlanta Gas Light Co.*, 206 Ga.
App. 727, 729-30 426 S.E.2d 387 (1992).

Plaintiff's Request to Charge No. 33
Page No. 1

**<u>Punitive Damages</u>**

A Defendant's failure to adhere to environmental laws and safety

regulations demonstrates that entire want of care evincing a conscious

indifference to the consequences thus providing a basis for an award of punitive

damages against the Defendant.  A property owner cannot avoid the duties

created by federal and state laws or other regulatory provisions affecting the use

of their land.

Supporting Authority: *Winderemere, Ltd v. Bettes*, 211 Ga. App. 177, 178 (1993); *J. B. Hunt Transport v. Bentley*, 207 Ga. App. 250, 256 (1992); *c.f., Stone Man, Inc. v. Green*, 263 Ga. 470, 471 (1993); *Tyler v. Lincoln*, 272 Ga. 118, 121 (2000).

Plaintiff's Request to Charge No. 34
Page No. 1

## **Punitive Damages**

In considering the amount of punitive damages, you may consider the following factors:

a.      the nature and egregiousness (reprehensibility) of the Defendants' conduct;

b.      the extent and duration of the Defendants' wrongdoing and the likelihood of its recurrence;

c.      the intent of the Defendants in committing the wrong;

d.      the profitability of the Defendants' wrongdoing;

e.      the amount of actual damages awarded;

f.      the previous awards of punitive damages against the Defendants for the same or similar conduct; (give only if supported by the evidence)

g.      potential or prior criminal or civil sanctions against the defendant based upon the same wrongful acts; and

h.      the financial circumstances, that is, the financial condition and or the net worth of the Defendants.

Plaintiff's Request to Charge No. 34
Page No. 2

Council of Superior Court Judges of Georgia Suggested Pattern Jury Instruction §66.750, Volume I, Civil Cases, 5th ed. (2007); O.C.G.A. § 51-12-5.1(c); *Palmquist v. Piper Aircraft Corp.*, 757 F. Supp. 1411 (N.D. Ga. 1991); *Hospital Auth. Of Gwinnett County v. Jones*, 259 Ga. 759, 386 S.E.2d 120 (1989), vacated on other grounds; *Southeastern Sec. Ins. Co. v. Hotle*, 222 Ga. App. 161, 473 S.E.2d 256 (1996); *Monroe v. Jordan*, 201 Ga. App. 332, 411 S.E.2d 511 (1991); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1522-1523 (2003).

Plaintiff's Request to Charge No. 35
Page No. 1

## Punitive Damages - Specific Intent

If you have decided to impose punitive damages you should further specify whether you find that Defendants acted with specific intent to cause harm.

A party possesses specific intent to cause harm when that party desires to cause the consequences of its act or believes that the consequences are substantially certain to result from it.  Intent is always a question for the jury.  It may be shown by direct or circumstantial evidence.

Council of Superior Court Judges of Georgia Suggested Pattern Jury Instruction §66.711, Volume I, Civil Cases, 5th ed. (2007); O.C.G.A. § 51-12-5.1(f).

Plaintiff's Request to Charge No. 36
Page No. 1

**<u>Preponderance of the Evidence</u>**

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

Eleventh Circuit District Judges Association's Pattern Jury Instructions, excerpt from basic instruction 6.2.

Plaintiff's Request to Charge No. 37
Page No. 1

## **Clear and Convincing Evidence**

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence, but less than beyond a reasonable doubt.

*Clarke v. Cotton*, 263 Ga. 861 (1994).

Plaintiff's Request to Charge No. 38
Page No. 1

## Litigation Expenses and Attorney's Fees

The expenses of litigation, including reasonable expert witness fees and attorney's fees, may be allowed as part of damages if the Defendants have acted in bad faith, or have been stubbornly litigious, or have caused the Plaintiff unnecessary trouble and expense.

The term bad faith means bad faith connected with the transactions and dealings out of which the cause of action arose. Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation, including attorney's fees. Thus, an award of damages for trespass, an intentional tort, supports a claim for expenses of litigation, including attorney's fees, under the theory that the intention evokes the bad faith necessary for recovery of attorney's fees.

The phrase stubborn litigiousness refers to forcing a plaintiff to resort to litigation where there is no genuine dispute or bona fide controversy. The phrase unnecessary trouble and expense refers to forcing a plaintiff to resort to litigation where no defense exists.

Plaintiff need only show one of the three to recover its attorney's fees under O.C.G.A. § 13-6-11.

Plaintiff's Request to Charge No. 38
Page No. 2


Supporting Authority: O.C.G.A. § 13-6-11; *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 232, S.E.2d 62 (1977); *Raymar Inc. v. Peachtree Golf Club*, 161 Ga. App. 336, 287 S.E.2d 768 (1982); *Tyler v. Lincoln, et al.*, 272 Ga. 118, 527 S.E.2d 180 (2000); *Brown v. Baker*, 197 Ga. App. 466, 398 S.E.2d 797, 799 (1990); *DeKalb County v. McFarland*, 231 Ga. 649, 651, 203 S.E.2d 495 (1974); *Tanner v. Gilleland*, 186 Ga. App. 377, 378, 367 S.E.2d 257 (1988); *Piedmont Cotton Mills, Inc. v. H.W. Ivey Construction Co.*, 109 Ga. App. 876, 881, 137 S.E.2d 528, 532 (1964); *Eastern Foods, Inc. v. Forman*, 202 Ga.App. 347, 415 S.E.2d 1 (1991), *Rogers v. Georgia Ports Auth.*, 183 Ga. App. 325, 358 S.E.2d 855 (1987), *cert. denied* 183 Ga. App. 325, 358 S.E.2d 855 (1987), *Clements v. Barnes*, 197 Ga. App. 120, 397 S.E.2d 560 (1990); *Baker v. Miller*, 265 Ga. 486, 458 S.E.2d 621 (1995).

Plaintiff's Request to Charge No. 39
Page No. 1

**<u>Attorney's Fees</u>**

The attorney's fees awarded can exceed the compensatory damages

awarded.

Supporting Authority: *Baker v. Miller*, 265 Ga. 486, 458 S.E.2d 621 (1995).

Plaintiff's Request to Charge No. 40
Page No. 1

## **<u>Attorney's Fees</u>**

O.C.G.A. § 13-6-11 authorizes an attorneys' fee award even when only

nominal damages are recovered.

Supporting Authority: *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (2000); *Savannah College v. Nulph*, 265 Ga. 662, 663(4), 460 S.E.2d 792 (1995).

Plaintiff's Request to Charge No. 41
Page No. 1

## Financial Consequences of Judgment Against Defendant

Any reference or suggestion that Defendant is uninsured as to Plaintiffs' claims, including, but not limited to, any reference as to Defendant as a little person, or small or struggling, or any other such reference which would tend to convey to the jury the impression that Defendant is a party of modest means who cannot afford to pay a substantial judgment is irrelevant.

Supporting Authority: *See* O.C.G.A. §24-2-1; *Adams v. Camp Harmony Association*, 190 Ga. App. 506, 508, (1989); *Denton v. Conway Express, Inc.*, 261 Ga. 41 (1991); *Georgia Power Company v. Flagan*, 261 Ga. 41 (1991); *Northwestern University v. Crisp*, 211 Ga. 636, 641 (1955); *Brunswick & Western Railroad Co. v. Wiggins*, 113 Ga. 842, 850 (1901); *Higgins v. The Cherokee Railroad*, 73 Ga., 149 (3) (1984); *Bennett v. Haley*, 132 Ga. App. 512, 525 (1974); *See also* Georgia State Bar Rules, DR 7-102(A)(3), (4) and (5); DR 7-106(C) (1); Rule 4-102(d) Standard 45 and O.C.G.A. § 9-10-185.