THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CITY OF MOUNTAIN PARK, GEORGIA,<br><br>Plaintiff,<br><br>v.<br><br>LAKESIDE AT ANSLEY, LLC; CHATHAM HOLDINGS CORPORATION; DAY INVESTMENTS II, LLC; PEACHTREE RESIDENTIAL PROPERTIES, INC.; WOOMER CONSTRUCTION COL; CRABAPPLE DEVELOPMENT & INVESTMENT CORPORATION a/k/a ROCHLIN HOLDINGS, LLC; BROOKFIELD COUNTRY CLUB, INC.; BROOKFIELD COUNTRY CLUB HOMEOWNERS ASSOCIATION, INC.; and ST. JAMES-BROOKFIELD, LLC<br><br>Defendants. | Civil Action File No.:<br>1:05-cv-2775-CAP-LTW |

## DEFENDANT DAY INVESTMENTS II, LLC'S AND PEACHTREE RESIDENTIAL PROPERTIES, INC.'S REQUESTS TO CHARGE

COMES NOW Defendant Day Investments II, LLC ("Day") and Peachtree Residential Properties, Inc. ("PRP") and respectfully requests that the Court give the jury the following charges, numbered 1 through 55.

This 7th day of June, 2010.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
A Professional Corporation

By:    */s/* Jennifer G. Cooper


Jennifer G. Cooper
Georgia Bar No. 305255
Steven R. Press
Georgia Bar No. 587199
3414 Peachtree Road. N.E.
Monarch Plaza, Suite 1600
Atlanta, GA 30326
(404) 577-6000
(404) 221-6501 – Facsimile
Attorney for Defendant Day Investments II,
LLC

**REQUEST TO CHARGE NO. 1**

**General Instruction**s

Members of the jury, the case you are about to try is styled City of Mountain Park, Georgia v. Lakeside at Ansley, LLC, Chatham Holdings Corporation, Day Investments, II, LLC, Peachtree Residential Properties, Inc., Woomer Construction Co., Crabapple Development and Investment Corporation, a/k/a/ Rochlin Holdings, LLC, Brookfield Country Club, Inc., Brookfield Country Club Homeowners Association, Inc. and St. James Brookfield, LLC. Under our legal system, it is my duty as the trial judge to determine the law applicable to this case, and it is your duty, as the jury, to determine the facts of the case. It is also your duty to apply the law to those facts in reaching your verdict.

Georgia Suggested Pattern Jury Instructions § 00.010, 5th Edition, 2007.

## REQUEST TO CHARGE NO. 2

## Conduct of the Jury During Trial

You must decide this case ***solely*** on the evidence and your own observations, experiences, reason, common sense, and the law in these Instructions. You must also keep to yourself any information that you learn in court until it is time to discuss this case with your fellow jurors during deliberations. Thus, to ensure fairness, you must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial is over.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about this case, anyone involved with it, any news story, rumor, or gossip about it, or ask you about your participation in it until the trial is over. If someone should try to talk to you about this case during the trial, please report it to me.

*Fourth*, during the trial, you should not talk to any of the parties, lawyers, or witnesses—even to pass the time of day. It is important that you do justice and also maintain the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side—even to pass the time of day—a

suspicion about your fairness might arise. If any lawyer, party, or witness does not speak to you, it is because he or she is not supposed to talk to you, either.

*Fifth*, it may be necessary for you to tell your family, friends, teachers, coworkers, or employer about your participation in this trial, so that you can explain when you are required to be in court and warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone about the parties, witnesses, participants, claims, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation *about this case* on

your own. Do not visit or view any place discussed in this case and do not use Internet maps or Google Earth or any other program or device to search for or to view any place discussed in the testimony. Also do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles, in print, on the Internet, or in any "blog," about this case, or about anyone involved with it, or listen to any radio or television reports about it or about anyone involved with it, or let anyone tell you anything about any such news reports. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I assure you that when you have heard all the evidence, you will know more about this case than anyone will learn through the news media—and it will be more accurate.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until you have had a chance to discuss the evidence during deliberations.

*Ninth*, if at anytime during the trial you have a problem that you would like to bring to my attention, or if you feel ill or need to go to the restroom, please send

a note to the Court Security Officer, who will give it to me. I want you to be comfortable, so please do not hesitate to tell us about any problem.

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberation

# REQUEST TO CHARGE NO. 3

## Consideration of the Evidence; Duty to Follow Instructions;

## Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope

of their duties as employees of that governmental agency.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 2005, Instruction Nos. 2.2 and 2.3.

## REQUEST TO CHARGE NO. 4

### Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 2005, Instruction No. 3.

**REQUEST TO CHARGE NO. 5**

**Impeachment of Witnesses**

**Inconsistent Statement and Felony Conviction**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit Pattern Jury Instructions (Civil), 2005, Instruction No. 4.2.

**REQUEST TO CHARGE NO. 6**

**Expert Witnesses**

**When Expert Witness Fees Represent A**

**Significant Portion of The Witness' Income**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 2005, Instruction No. 5.2

## REQUEST TO CHARGE NO. 7

### Duty to Deliberate

### When Only The Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 2005, No. 7.1.

# REQUEST TO CHARGE NO. 8

## Election of Foreperson

## Explanation of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 2005, Instruction No. 8

## REQUEST TO CHARGE NO. 9

## Civil Allen Charge

Members of the jury, I'm going to ask that you continue your deliberations in an effort to reach agreement upon a verdict and dispose of this case; and I have a few additional thoughts or comments I would like for you to consider as you do so.

This is an important case. The trial has been expensive in terms of time, effort, money and emotional strain to both the plaintiff and the defense. If you should fail to agree on a verdict, the case is left open and may have to be tried again. A second trial would be costly to both sides, and there is no reason to believe that the case can be tried again, by either side, better or more exhaustively than it has been tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen, and there is no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

As stated in my previous instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course, you must not surrender

your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself, but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced it is wrong. To bring your minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard to the opinions of others and with a disposition to reexamine your own views.

If a substantial majority of your number are for a verdict for one party, each of you who hold a different position ought to consider whether your position is a reasonable one since it makes so little impression upon the minds of so many equally honest and conscientious fellow jurors who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and consider all the evidence in the case bearing upon the questions before you in light of the court's instructions on the law.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time that you may feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given to you as a whole. You should not single out any part of any instruction, including this one, and ignore others.

You may now retire and continue your deliberations.

This proposed instruction was derived largely from Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, <u>Federal Jury Practice and Instructions</u> § 106.09 and § 106.10 (5th ed. 2000).

The former Fifth Circuit approved of the use of civil <u>Allen</u> charges in <u>Brooks v. Bay State Abrasive Products, Inc.,</u> 516 F.2d 1003, 1004 (5th Cir. 1975), which was cited in <u>U.S. v. Chigbo,</u> 38 F.3d 543, 546 (11th Cir. 1994). In <u>Brooks,</u> the court stated that it has approved the use of an Allen charge if it makes clear to members of the jury that (1) they are duty bound to adhere to honest opinions; and (2) they are doing nothing improper by maintaining a good faith opinion even though a mistrial may result.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), 2005, Instruction No. 9.

# REQUEST TO CHARGE NO. 10

## Evidence, Generally

You determine the facts from the evidence, which consists of two things: testimony and exhibits. Testimony is the statements that you will hear made under oath from the witness(es). Exhibits are documents, photos, or other items that will be admitted into evidence. You will then have those exhibits with you in the jury room for use during your deliberations. I caution you that what the lawyers say during this trial is not evidence. Nothing they say in their opening statements or their arguments or at any other time during this trial is evidence. Nor is anything I might do or say evidence in this case. I have no leanings in this case whatsoever. My interest in this case is to see that it is tried fairly for both parties and to see that it is tried according to the laws of the State of Georgia and according to the constitutions of this state and of the United States.

Georgia Suggested Pattern Jury Instructions, §00.020, 5th Edition, 2007.

# REQUEST TO CHARGE NO. 11

## Conflicts in Evidence

While you are determining the facts of this case, you may find that there are conflicts in the evidence. If you do find conflicts in the evidence, it would be your duty under the law to reconcile these conflicts if possible. You should reconcile these conflicts without attributing perjury or false statements to anyone. You should reconcile these conflicts, if you can, as if each witness had spoken the truth. As you know, very often one person will see things and remember things a little differently from someone else. This does not necessarily mean that one person is not truthful.

It may mean only that each witness's recollections or perspectives are somewhat different.

Georgia Suggested Pattern Jury Instructions, §00.060, 5th Edition (2007)

**REQUEST TO CHARGE NO. 12**

If you find that any parts of the evidence are in such conflict as to make it impossible for you to reconcile them, then you must believe the evidence that seems most reasonable, probable, and truthful to you because you, the jury, must determine the witnesses' credibility and the reasonableness of their testimony.

Suggested Pattern Jury Instructions §00.070, 5th Edition (2007).

# REQUEST TO CHARGE NO. 13

## Rules of Evidence

The object of all legal investigation is the discovery of truth, and rules of evidence are designed with that one prominent purpose in mind. During the course of this trial there may be objections made by the lawyers and rulings made by the court. These objections and rulings will involve the technical rules of evidence, and you should draw no inferences and make no assumptions from either the lawyer's objections or the court's rulings. Evidence that is not admitted because of an objection or other reason shall not be considered by you.

Suggested Pattern Jury Instructions §00.080, 5th Edition (2007).

# REQUEST TO CHARGE NO. 14

## BMP's Required on All Land Disturbing Projects and if Done Correctly, Constitute a Defense

Best Management Practices (BMP) are required for all land-disturbing activities. Proper design, installation, and maintenance of best management practices constitutes a complete defense to any action or allegation of noncompliance or any substantially similar terms contained in a permit for the discharge of storm water issued pursuant to the specified subsection of the statute governing permits required to discharge pollutants, revocation, or the discharge of dredged or fill material.

That land-disturbing activity for which a permit has been issued results in injury to the property of another shall neither constitute proof of nor create a presumption of a violation of the best management standards provided by statute or the terms of the permit.

O.C.G.A. §§s 12-5-30, 12-7-6, GAJUR ENVIRON § 10:10

## REQUEST TO CHARGE NO. 15

## Clean Water Act

The Plaintiff has asserted a claim under the Federal Water Pollution Control Act of 1972, commonly known as the Clean Water Act. The purpose of the Clean Water Act is to restore and maintain the chemical, physical and biological integrity of the waters of the United States. Under the Act, it is unlawful to discharge pollutants into the waters of the United States. However, an entity is exempt from the prohibition and is permitted to discharge pollutants where it obtains a National Pollutant Discharge Elimination System ("NPDES") permit. The Plaintiff claims the development activities at the Lakeside at Ansley Subdivision, Huntington Estates Subdivision, Huntington Park Subdivision, and the Enclave at Brookfield Subdivision violated the Clean Water Act because pollutants were discharged without, or in violation of, the terms of a NPDES permit.

33 U.S.C. §§ 1251, 1311(a); *EPA v. Cal. ex rel. State Water Res. Control Bd.,* 426 U.S. 200, 205, n. 14, 96 S.Ct. 2022 (1976); *Int'l Paper Co. v. Ouellette,* 479 U.S. 481, 489, 107 S.Ct. 805 (1987) ("Section 301(a) of the Act, 33 U.S.C. § 1311(a), generally prohibits the discharge of any effluent into a navigable body of water unless the point source has obtained an NPDES permit....").

# REQUEST TO CHARGE NO. 16

Under the Clean Water Act, "discharge of a pollutant" is defined as "any addition of any pollutant to navigable waters from any point source."

33 U.S.C.A. § 1362(12).

**REQUEST TO CHARGE NO. 17**

The law defines a "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged."

33 U.S.C. § 1362(14); *State of Ga. v. City of East Ridge, Tenn.,* 949 F. Supp. 1571, 1576 (N.D. Ga. 1996).

**REQUEST TO CHARGE NO. 18**

The term "pollutant" includes "dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water."

33 U.S.C. § 1362(6); *State of Ga. v. City of East Ridge, Tenn.,* 949 F. Supp. 1571, 1576 (N.D. Ga. 1996).

## REQUEST TO CHARGE NO. 19

"Navigable waters" are "the waters of the United States, including territorial seas."

33 U.S.C.A. § 1362(7).

# REQUEST TO CHARGE NO. 20

A navigable stream or river is defined as one that is used or is susceptible to being used in its ordinary condition, as a highway for interstate commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on the water. A wetland, or a tributary, that is not itself a navigable water can be considered a navigable water for Clean Water Act Jurisdictional purposes (water of the United States) if it eventually flows into a navigable water and has a "significant nexus" to the navigable water. A wetland or a tributary meets the "significant nexus" test if, either alone or in combination with similarly situated lands in the region, it significantly affects the chemical, physical and biological integrity of other covered waters more readily understood as navigable. When in contrast, a tributaries' or wetlands' effects on water quality are speculative or insubstantial, they fall outside the zone fairly encompassed by the term navigable waters and are not a water of the United States. Also, a mere hydrologic connection between a tributary and a navigable-in-fact water body would not necessarily be sufficiently substantial to meet the "significant nexus" test.

*United States v. Robison, et. al.*, 505 F.3d 1208, 1215-1223 (11th Cir 2007).

**REQUEST TO CHARGE NO. 21**

The NPDES permits relevant in this case are authorized by sections 402 and 404 of the Clean Water Act.  Under § 402, permits may be issued, allowing entities to discharge pollutants into waters of the United States.  Entities also may be issued permits under § 404, allowing them to discharge dredge and fill material into waters of the United States.

33 U.S.C. §§ 1342, 1344.

**REQUEST TO CHARGE NO. 22**

The Georgia Environmental Protection Division (EPD) is the permitting authority for this state and is authorized to issue NPDES permits for the discharge of pollutants pursuant to § 402 of the Clean Water Act.


33 U.S.C. § 1342; O.C.G.A. § 12-5-20 *et seq.*; *Hughey v. JMS Dev. Corp.,* 78 F.3d 1523, 1524 -1525 (11th Cir. 1996); *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta,* 953 F. Supp. 1541, 1545 (N.D. Ga. 1996).

**REQUEST TO CHARGE NO. 23**

The law defines "dredged material" as "material that is excavated or dredged from waters of the United States" and "fill material" is defined as "material placed in waters of the United States where the material has the effect of either: (i) replacing any portion of water of the United States with dry land; or (ii) changing the bottom elevation of any portion of a water of the United States."

33 C.F.R. § 323.2(c) and (e).

**REQUEST TO CHARGE NO. 24**

Therefore, in order to prevail on its claims under the Clean Water Act, the Plaintiff must prove by a preponderance of the evidence that Defendants: (1) discharged; (2) a pollutant; (3) into waters of the United States; (4) from a point source; (5) without, or in violation of, a permit.

33 U.S.C. §§ 1311, 1342(k), 1344(p); *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1008 (11th Cir. 2004); *Jones v. E.R. Snell Contractor, Inc.,* 333 F. Supp. 2d. 1344, 1348 (N.D. Ga. 2004); *State of Ga. v. City of East Ridge,* 949 F. Supp. 1571 (N.D. Ga. 1996).

# REQUEST TO CHARGE NO. 25

The Plaintiff can only prevail under the Clean Water Act for ongoing or continuous violations, not for those that are wholly in the past. Thus, to find the Defendants violated the Clean Water Act, you must find that the Plaintiff proved by a preponderance of the evidence either: (1) ongoing violations or violations that continue on or after the date the Complaint was filed; or (2) a continuing likelihood of a recurrence in intermittent or sporadic violations.

*Parker v. Scrap Metal Processors, Inc.,* 386 F.3d 993, 1009-10 (11th Cir. 2004); *Natural Res. Def. Council v. Southwest Marine, Inc.,* 236 F.3d 985, 998 (9th Cir. 2000); *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta,* 953 F. Supp. 1541, 1555 (N.D. Ga. 1996).

**REQUEST TO CHARGE NO. 26**

**Clean Water Act – Civil Penalties**

Once you have determined whether Defendants have violated the Clean Water Act, it is the Court's duty, not your duty, to assess any civil penalty which may be imposed. The Court's penalty is determined on a "per day" basis. That is, the Court must assess a daily penalty against any Defendant shown to have violated the Clean Water Act. Accordingly, if you determine that any Defendant violated the Clean Water Act, you must determine the number of days that the violating Defendant was in violation of the Clean Water Act. There will be a place on the verdict form for you to disclose that information to the Court.

33 U.S.C. §§ 1319(d), 1365(a); *Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831 (1987).

**REQUEST TO CHARGE NO. 27**

Discharges made pursuant to and in accordance with a NPDES permit are not unlawful.

33 U.S.C. §§ 1311, 1342; *Hughey v. JMS Dev. Corp.,* 78 F.3d 1523, 1524-1525 (11th Cir. 1996).

**REQUEST TO CHARGE NO. 28**

**Torts; Ordinary Negligence (Ordinary Diligence)**

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

O.C.G.A. §51-1-2

Georgia Suggested Pattern Jury Instructions, § 60.010, 5th Edition (2007)

**REQUEST TO CHARGE NO. 29**

**Torts; Negligence *Per Se***

The plaintiff contends that each defendant violated certain laws or ordinances. Such violation is called negligence per se, which means negligence as a matter of law. It is your duty to decide whether any defendant committed such violation or not.

*Central R.R. & Banking Co. v. Smith*, 78 Ga. 694 (1886)

*Wilson v. Georgia Power & Light Co.*, 200 Ga. 207, 208 (1946)

*Ford Motor Co. v. Carter*, 141 Ga. App. 371, 374; 239 Ga. 647, 662 (1977)

Georgia Suggested Pattern Jury Instructions , § 60.050, 5th Edition (2007)

**REQUEST TO CHARGE NO. 30**

**Torts; Equal Negligence; No Recovery**

If you find that any defendant was negligent, that the plaintiff was also guilty of negligence that contributed to the plaintiff's injury and damages, and that plaintiff's negligence was equal to or greater than that of the negligent defendant, then the plaintiff cannot recover against the negligent defendant.

*O'Dowd v. Newnham*, 13 Ga. App. 220(11) (1913)

*Jones v. Alred*, 43 Ga. App. 312 (1931)

Georgia Suggested Pattern Jury Instructions , § 60.140, 5th Edition (2007)

# REQUEST TO CHARGE NO. 31

## Torts; Comparative Negligence

If you find that any defendant was negligent so as to be liable to the plaintiff and that the plaintiff also was negligent, thereby contributing to the plaintiff's injury and damage, but that the plaintiff's negligence was less than that defendant's negligence, then the negligence of the plaintiff would not prevent the plaintiff's recovery of damages against the negligent defendant but would require that you reduce the amount of damages otherwise awarded to the plaintiff in proportion to the negligence of the plaintiff compared with that of the negligent defendant.

*Underwood v. Atlanta & West Point R.R. Co.*, 105 Ga. App. 340(8) (1962)

*(Note: The jury should be instructed that the burden shifts to the defendant    to prove any asserted defenses regarding the plaintiff's own lack of due care.)*

*Stiltjes v. Ridco Exterminating Company Inc.*, 192 Ga. App. 778 (1989)

Georgia Suggested Pattern Jury Instructions , § 60.141, 5th Edition (2007)

**REQUEST TO CHARGE NO. 32**

**Negligence and Legal Cause**

In order to prevail on this claim, the Plaintiffs must prove both of the following facts by a preponderance of the evidence:

First:         That the Defendants were "negligent;" and

Second:     That such negligence was a "legal cause" of damage sustained by the Plaintiffs.

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under <u>like</u> circumstances.  Negligence may consist either in <u>doing</u> something that a reasonably careful person would not do under like circumstances, or in <u>failing</u> to do something that a reasonably careful person <u>would</u> do under like circumstances.


U.S. Eleventh Circuit District judges Association, <u>Pattern Jury Instructions</u> (Civil Cases), State Claims No. 1.1, pp. 402-08 (1999).

**REQUEST TO CHARGE NO. 33**

**Tort Damages; Duty to Lessen**

If you believe that a party has suffered damages as alleged, under the law, that party is bound to reduce those damages, as far as is practicable, by the use of ordinary care. If you believe that by the use of such care, that party could have reduced the damages, you would determine to what extent and reduce such damages to that extent.

*Mallock v. Kicklighter*, 10 Ga. App. 605 (1912)

Georgia Suggested Pattern Jury Instructions, § 66.015, 5th Edition (2007)

## REQUEST TO CHARGE NO. 34

## Trespass

A trespass is an unauthorized entry on another's property, without the consent of the owner of the property on which the alleged trespass is committed.

Actionable trespass includes an unauthorized entry on another's property by a person, object, or thing.


*Webster v. Snapping Shoals Electric Membership Corp.*, 176 Ga. App. 265, 266, 335 S.E.2d 637, 639 (1985), *citing* 27A EGL 255, Trespass, Sec. 6 (1985 Rev.)

*Salieen v. G & G Corp.*, 230 Ga. 646, 648, 198 S.E.2d 853, 855 (1973)

*Kingsley Mill Corp. v. Edmonds,* 208 Ga. 374, 67 S.E.2d 111, 112 (1951)

*Gill v. First Christian Church, Atlanta, Georgia, Inc.,* 216 Ga. 454, 117 S.E.2d 164, 165 (1960)

*Southern Mutual Investment Corp. v. Langston,* 128 Ga. App. 671, 197 S.E.2d 775 (1973)

*Roughton v. Theile Kaolin Co.*, 209 Ga. 577, 74 S.E.2d 844 (1953)

*Tyler v. Lincoln*, *et. al.*, 236 Ga. App. 850, 513 S.E.2d 6 (1999), *rev'd in part by,* 272 Ga. 118, 527 S.E.2d 180 (2000)

**REQUEST TO CHARGE NO. 35**

**Trespass Claim Subsumed In Nuisance Claim**

A claim for continuing trespass is entirely subsumed in a claim for nuisance and does not create a separate cause of action from which additional damages can be recovered.


Briggs v. Stratton Corp., 971 F. Supp. 566, 573 (M.D. Ga. 1997), citing State of Georgia v. City of East Ridge Tennessee, 949 F. Supp. 1571, 1584 (N.D. Ga. 1996); Brand v. Montega Corp., 233 Ga. 32, 209 S.E.2d 581, 582 (1974).

# REQUEST TO CHARGE NO. 36

## Nuisances; Definition

A nuisance is anything that causes hurt, inconvenience, or damage to another. The fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful or such as would affect only one of extraordinary or demanding taste, but it shall be such as would affect an ordinary, reasonable person.

O.C.G.A. §41-1-1

Georgia Suggested Pattern Jury Instructions, § 46.010, 5th Edition (2007)

# REQUEST TO CHARGE NO. 37

## Nuisances; Reasonable Use of Property, Duty of

The privilege of use incident to the right of property must not be exercised in an unreasonable manner so as to inflict injury upon another unnecessarily. To constitute a nuisance, the use must be such as to produce actual, tangible, and substantial injury to neighboring property or such as to interfere sensibly with its use and enjoyment by persons of ordinary sensibilities.

*Holman v. Athens Empire Laundry Co.*, 149 Ga. 345 (1919)

*Gordy v. Armstrong*, 190 Ga. 670, 679 (1940)

Georgia Suggested Pattern Jury Instructions , § 46.030, 5th Edition (2007)

**REQUEST TO CHARGE NO. 38**

In order for an interference with property rights to be an actionable nuisance, the interference must be "substantial and unreasonable".

Fielder v. Rice, 239 Ga. App. 362, 522 S.E.2d 13 (Ga. App. 1999); Hammond v. City of Warner Robbins, 224 Ga. App. 624, 482 S.E.2d 422 (Ga. App. 1997).

# REQUEST TO CHARGE NO. 39

## Riparian Rights

No landowner or his agents may so adulterate the water so as to interfere with its enjoyment by the next owner.

O.C.G.A. §44-8-1.

## REQUEST TO CHARGE NO. 40

### Riparian Owner Entitled to Reasonable Use

Every riparian owner is entitled to a reasonable use of water in the stream. If the general rule that each riparian owner could not in any way interrupt or diminish the flow of the stream were strictly followed, the water would be of little practical use to any proprietor, and the enforcement of such rule would deny, rather than grant, the use thereof.

Price v. High Shoals Mfg. Co., 132 Ga. 246, 64 S.E. 87 (1909).

# REQUEST TO CHARGE NO. 41

## Riparian Rights Apply to Adjacent Landowners

A landowner cannot maintain a claim for violation of riparian rights against non-adjacent landowners. Consequently, before recovery may be allowed against any defendant for violation of riparian rights, that defendant's property must first be found to adjoin Plaintiff's property.

Brown v. Tomlinson, 246 Ga. 513, 272 S.E.2d 258 (1980).

**REQUEST TO CHARGE NO. 42**

In cases where water flows from a defendant upper riparian owner's property to a plaintiff lower riparian property by means of a man-made structure or culvert, the plaintiff cannot recover for violation of riparian rights, because the water does not flow naturally so as to constitute a "watercourse" pursuant to Georgia statutes.

Sumitomo Corp. of America v. Deal, 256 Ga. App. 703, 569 S.E.2d 608 (2002); Tyler v. Lincoln, 236 Ga. App. 850, 513 S.E.2d 6 (1999) (reversed on other grounds).

# REQUEST TO CHARGE NO. 43

## Joint and Several Liability in Nuisance/Trespass Cases

Joint participants in the creation of a nuisance are not jointly and severally liable for the full total of plaintiff's damages, but only for their individual parts.


Georgia Farm Buildings, Inc. v. Willard, 170 Ga. App. 327, 317 S.E.2d 229 (Ga. App. 1984)

## REQUEST TO CHARGE NO. 44

Where defendants are separate and distinct corporations, and they operate separate and distinct businesses, and no concert of action, or common design, or community of interest has been shown, even assuming that an actual nuisance exist, and assuming multiple defendants contributed to this nuisance, each contributing defendant shall be held liable only for its proportionate part of the damage. Therefore, if you assess damages in this case against any defendant, the assessment must only be for the harm directly attributable to the conduct of that defendant.

Key v. Armour, 18 Ga. App. 472, 89 S.E.2d 593 (1916).

**REQUEST TO CHARGE NO. 45**

Where two or more persons, each acting independently, create or maintain a situation which is a tortious invasion of a landowner's interest in the use and enjoyment of land by interfering with his quiet, light, air, or flowing water, each is liable only for such proportion of the harm caused to the land or the loss of enjoyment of it by the owner as his contribution to the harm bears to the total harm, as a result of which the defendants cannot be joined as joint tortfeasors in an action for damages. Therefore, if you assess damages in this case against any defendant, the assessment must only be for the harm directly attributable to the conduct of that defendant.

Vaughn v. Burnette, 211 Ga. 206, 207, 84 S.E.2d 568, 569 (1954) (citations omitted).

**REQUEST TO CHARGE NO. 46**

**Plaintiff Entitled to Only One Recovery.**

An owner of land alleged to have been injured can not have a recovery of such a character as to include double damages for the same injury. The different means of measuring damages are not to be applied as to give double damages for the same thing. A plaintiff is entitled to only one recovery and satisfaction of damages, because such recovery and satisfaction is deemed to make the plaintiff whole.

Central Ga. Power Co. v. Pope, 141 Ga. 186, 187, 80 S.E. 642 (1913).

Candler Hosp., Inc. v. Dent, 228 Ga. App. 421, 491 S.E.2d 868, 869 (1997).

**REQUEST TO CHARGE NO. 47**

Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages [for the fault of plaintiff] if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

O.C.G.A. § 51-12-33(b).

## REQUEST TO CHARGE NO. 48

In assessing the percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether that person or entity was, or could have been, named as a party to the suit.

O.C.G.A. § 51-12-33(c).

**Tort Damages; Generally; Nominal Damages**

Damages are given as compensation for an injury done, and generally the injury is the measure when the damages are of a character to be estimated in money. If the injury is small or mitigating circumstances are strong, only nominal damages are given. The Court has already determined that if any defendant is found liable for any claims other than Clean Water Act claims, nominal damages are the only damages that may be assessed against that liable defendant (other than attorney's fees and punitive damages for which a separate instruction will follow). What would be a proper amount of nominal damages is a question for you to decide under all the facts and circumstances of the case.

O.C.G.A. §51-12-4
*High Shoals Mfg. Co. v. Price*, 136 Ga. 22(4) (1911)
*Smith v. Overby*, 30 Ga. 241, 248 (1859)
*Batson v. Higginbothem*, 7 Ga. App. 835, 838 (1910)
*Ransone v. Christian*, 56 Ga. 351(6) (1876)
*Miller & Meier & Assoc. v. Diedrich*, 174 Ga. App. 249, 252(3) (1985)
Georgia Suggested Pattern Jury Instructions, § 66.010, 5th Edition (2007)

# REQUEST TO CHARGE NO. 50

## Measure of Nominal Damages

The Court has already determined that if any defendant is found liable for any claims other than Clean Water Act claims, nominal damages are the only damages that may be assessed against that liable defendant (other than attorney's fees and punitive damages for which a separate instruction will follow). Nominal damages are generally defined as a trivial sum awarded where a breach of duty or an infraction of the plaintiff's right is shown, but no serious loss is proved. However, in Georgia, the term "nominal damages" is purely relative, and carries with it no suggestion of certainty as to amount. Instead of being restricted to a very small amount, the sum awarded as nominal damages may, according to circumstances, vary almost indefinitely. In some cases a very small amount might constitute the trivial sum contemplated by the term 'nominal damages'; in others a much larger amount might measure down to the same standard of triviality.

Wright v. Wilcox, 262 Ga. App. 659, 662; 586 SE 2d 364 (2003). (citations and punctuation omitted).

## REQUEST TO CHARGE NO. 51

### Punitive Liability

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages. Before you may award (impose) punitive damages against any defendant, the plaintiff must prove that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence. If the plaintiff fails to prove, by clear and convincing evidence, that the defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award (impose) punitive damages. Mere negligence, although amounting to gross negligence, will not alone authorize an award (imposition) of punitive damages. Punitive damages, when authorized, are awarded (imposed) not as compensation to a plaintiff but solely to punish, penalize, or deter a particular defendant. In your verdict, you should specify

whether you do or do not decide (that the plaintiff should receive) (to impose)

punitive damages against any particular defendant.


*Alliance Transp. Inc. v. Mayer*, 165 Ga. App. 344, 345 (1983)

Georgia Suggested Pattern Jury Instructions , § 66.700, 66.702, 5th Edition (2007)

**REQUEST TO CHARGE NO. 52**

**Punitive Damages; Measure**

The measure of such damages is your enlightened conscience as an impartial jury but not more than $250,000.


O.C.G.A. §51-12-5.1

Georgia Suggested Pattern Jury Instructions, § 66.741, 5th Edition (2007)

## REQUEST TO CHARGE NO. 53

### Attorney's Fees (Expenses of Litigation); Generally

The expenses of litigation are not generally allowed as a part of the damages. But, if [a party] has acted in bad faith or has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense, you may allow them. You should determine from the evidence the attorney's fees (or other expense), if any, as will be allowed.


O.C.G.A. §13-6-11

Georgia Suggested Pattern Jury Instructions, § 18.020, 5th Edition (2007)

**REQUEST TO CHARGE NO. 54**

**Bad Faith Damages Awarded for Conduct In Underlying Transaction**

Bad faith warranting an award of attorney fees must have arisen out of the transaction on which the cause of action is predicated, not to the motive with which the party proceeds in the litigation.

O.C.G.A. §13-6-11
David G. Brown, P.E., Inc. v. Kent, 247 Ga. 849, 561 S.E.2d 89 (2002)
Kraft v. Dalton , 249 Ga. App. 754, 549 S.E.2d 543 (2001)
Driggers v. Campbell, 247 Ga. App. 300, 543 S.E.2d 787 (2000)
Sheppard v. Sheppard, 229 Ga. App. 494, 494 S.E.2d 240 (1997)

## REQUEST TO CHARGE NO. 55

The term "stubborn litigiousness" does not refer to an act of merely defending claims brought by another. An award of attorney's fees to a plaintiff for stubborn litigiousness or causing unnecessary trouble and expense is not authorized if there exists a bona fide controversy or dispute as to a defendant's liability.

Macon-Bibb County Water and Sewerage Authority v. Tuttle/White Constructors, Inc., 530 F. Supp 1048 (M.D. Ga. 1981).
Nash v. Studdard, 294 Ga. App. 845, 670 S.E.2d 508 (2008).

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendant hereby certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 7th day of June, 2010.

/s/ Jennifer G. Cooper
Jennifer G. Cooper, Esq.
Georgia Bar No.  305255
BAKER, DONELSON, BEARMAN,            Steven R. Press
CALDWELL & BERKOWITZ, PC             Georgia Bar No. 587199
Suite 1600, Monarch Plaza           Attorneys for Defendant Day
3414 Peachtree Road                 Investments II, LLC
Atlanta, GA  30326
Phone: (404)577-6000
Facsimile:  (404) 221-6501

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing **DEFENDANT DAY INVESTMENTS II, LLC'S AND PEACHTREE RESIDENTIAL PROPERTIES, INC.'S REQUESTS TO CHARGE** via CM/ECF to the following attorneys of record:

Martin A. Shelton, Esq.
Holly P. Cole, Esq.
Schulten, Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA  30303
mas@swtlaw.com
hpc@swtlaw.com

Patrick B. Moore, Esq.
Shubhra R. Mashelkar, Esq.
Weinberg Wheeler Hudgins
Gunn & Dial
950 East Paces Ferry Road
One Atlanta Plaza, Suite 3000
Atlanta, GA 30326
pmoore@wwhgd.com
smashelkar@wwhgd.com

Edward F. Preston, Esq.
Timothy M. Tanner, Esq.
Coleman Talley, LLP
910 North Patterson Street
Valdosta GA 31601
Tim.tanner@colemantalley.com
Ed.preston@colemantalley.com

George E. Duncan, Esq.
Jennifer C. Adair, Esq.
Duncan & Adair, PC
7000 Central Parkway, Suite 220
Atlanta, GA  30328
duncan@duncanadair.com
jadair@duncanadair.com

Richard J. Capriola, Esq.
Michael S. Love, Esq.
Weinstock & Scavo, P.C.
3405 Piedmont Road, N.E.
Suite 300
Atlanta, GA  30305
rcapriola@wslaw.net
mlove@wslaw.net

So certified this 7th day of June, 2010.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Suite 1600, Monarch Plaza
3414 Peachtree Road
Atlanta, GA  30326
Phone: (404)577-6000
Facsimile:  (404) 221-6501

/s/ Jennifer G. Cooper
Jennifer G. Cooper, Esq.
Georgia Bar No.  305255
Steven R. Press
Georgia Bar No. 587199
Attorneys for Defendant Day
Investments II, LLC