IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CITY OF MOUNTAIN PARK, )
GEORGIA, )
)
Plaintiff, )            Civil Action File No.
)
vs. )            1:05-CV-2775-CAP
)
LAKESIDE AT ANSLEY, LLC, et al, )
)
Defendants, )

## DEFENDANTS LAKESIDE AT ANSLEY, LLC'S AND CHATHAM HOLDINGS CORPORATION'S REQUESTS TO CHARGE

Defendants Lakeside at Ansley, LLC and Chatham Holdings Corporation (hereafter the "Lakeside Defendants") respectfully request the Court to give in charge to the Jury the following principles of law as being relevant and applicable to the pleadings and evidence adduced in this case. It is requested that the Court consider each separately numbered page as a separate request to charge.

The Lakeside Defendants also adopt by reference the Requests to Charge filed by the other Defendants in this case.

Respectfully Submitted this 7th day of June, 2010,

COLEMAN TALLEY LLP

/s/Edward F. Preston
Georgia Bar No. 587416

Post Office Box 5437
Valdosta, GA 31603-5437
Telephone: (229) 242-7562
Facsimile:   (229) 333-0885
E-mail: ed.preston@colemantalley.com

*Attorneys for Defendants Lakeside at*
*Ansley, LLC and Chatham Holdings Corporation*

**The Lakeside Defendants Request to Charge No. 1**

**The Lakeside Defendants Request to Charge No. 1**

<u>CWA; Section 402 Elements of Liability</u>

In order to establish liability under Section 402 of the Clean Water Act, a plaintiff must prove that a defendant (1) discharged or added (2) a pollutant (3) into navigable waters (4) from a point source (5) without a NPDES permit, or in violation of the terms of the permit.

*State of Georgia v. City of East Ridge, Tennessee*, 949 F.Supp. 1571, 1576 (N.D.Ga. 1996)

*Parker v. Scrap Metal Processing, Inc.*, 386 F.3d 993, 1008 (11th Cir. 2004).

**The Lakeside Defendants Request to Charge No. 2**

CWA; Definition – Discharge of a Pollutant

The Clean Water Act defines the term "discharge of a pollutant" as "any addition of any pollutant to navigable waters from any point source". In order for an "addition of a pollutant" to occur, a Defendant's land disturbing activities must cause additional sediment or water to enter into a body of navigable water, over and above what the body of water would normally have received. Consequently, a Defendant is not liable under the Clean Water Act for any normal or "naturally occurring" sediment or surface water run-off that might enter navigable waters.

33 U.S.C. § 1362(12)

*Nat'l Wildlife Federation v. Gorush*, 244 U.S. App. D.C. 41, 693 F.2d 156, 175 (D.C. Cir. 1982)

*State of Georgia v. City of East Ridge, Tennessee*, 949 F.Supp. 1571, 1576 (N.D.Ga. 1996).

*Miccosukee Tribe of Indians v. S. Fla. Water Management Dist.*, 280 F.3d 1364 (11th Cir. 2002), vacated and remanded, 541 U.S. at 112, 124 S. Ct. at 1547.

**The Lakeside Defendants Request to Charge No. 3**

<u>CWA; Continuing Violations</u>

A plaintiff can only bring a citizens suit under the Clean Water Act for ongoing or continuous violations, not for those wholly in the past.

If you find that a Defendant's violations of the Clean Water Act were not ongoing or continuous and occurred prior to October 26, 2005, then you should find in favor of that Defendant with regard to those violations.

*Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1009-1010 (11th Cir. 2004)

**The Lakeside Defendants Request to Charge No. 4**

<u>CWA; Causation</u>

Under the Clean Water Act, a plaintiff must show that it has suffered an actual or threatened injury which is concrete, particularized, actual or imminent, and not conjectural or hypothetical.

In addition, a plaintiff must show that the claimed injury was caused by the defendant's conduct. The claimed injury must be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court.

Finally, a plaintiff must show that the claimed injury is redressable by the Court.

A defendant is not liable under the Clean Water Act for speculative injuries, or injuries caused by other persons or entities, or injuries which cannot be redressed by the Court.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992)

*Friends of the Earth, Inc. v. Laidlow Environmental Services (TOC), Inc.,* 528 U.S. 167, 120 S.Ct. 2130, 145 L.Ed.2d 610 (2000).

*State of Georgia v. City of East Ridge, Tennessee*, 949 F.Supp. 1571, 1576 (N.D. Ga. 1996)

**The Lakeside Defendants Request to Charge No. 5**

<u>CWA; Sediment Damages</u>

In order to establish a claim for increased sediment under the Clean Water Act, the City of Mountain Park must prove, by a preponderance of the evidence, that: (1) a defendant failed to follow "best management practices"; (2) due to the defendant's failure to follow "best management practices", sediment has left the construction site and entered into state waters; (3) the sediment in question has passed through, or is likely to pass through, any erosion control buffer, detention basin, sediment pond or dam along its path of travel; (4) the sediment has traversed, or is likely to traverse, any intervening wetlands or private property outside the City of Mountain Park, (5) the sediment has entered, or is likely to enter, the lakes or wetlands of the City of Mountain Park, and (6) the amount of sediment which has left or is likely to leave a defendant's property is greater than the amount of naturally occurring sediment that would have left the defendant's property in the absence of any development or construction activities.

**The Lakeside Defendants Request to Charge No. 6**

<u>Nuisances; Definition</u>

A nuisance is anything that causes hurt, inconvenience, or damage to another. The fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful or such as would affect only one of extraordinary of demanding taste, but it shall be such as would affect an ordinary, reasonable person.

O.C.G.A. § 41-1-1

(Georgia) Suggested Pattern Jury Instructions (5th Ed.), 46.010

*Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1016 (11th Cir. 2004)

**The Lakeside Defendants Request to Charge No. 7**

<u>Nuisances; Reasonable Use of Property, Duty of</u>

The privilege of use incident to the right of property must not be exercised in an unreasonable manner so as to inflict injury upon another unnecessarily. To constitute a nuisance, the use must be such as to produce actual, tangible and substantial injury to neighboring property or such as to interfere sensibly with its use and enjoyment by persons of ordinary sensibilities.

*Holman v. Athens Empire Laundry Co.*, 149 Ga. 345 (1919)

*Gordy v. Armstrong*, 190 Ga. 670, 679 (1940)

(Georgia) Suggested Pattern Jury Instructions (5th Ed.), 46.030

**The Lakeside Defendants Request to Charge No. 8**


<u>Riparian Rights</u>

Where two lots adjoin, the lower lot owes a servitude to the higher, so far as to receive the water which naturally runs from it, provided the owner of the latter has done no act to increase such flow by artificial means.


*McMillen Development Corporation v. Bull*, 228 Ga. 826 (188 S.E.2d 491) (1972)

**The Lakeside Defendants Request to Charge No. 9**

<u>Ownership</u>

Ownership or occupancy is a necessary element of a claim for nuisance and trespass under Georgia law. Consequently, the City of Mountain Park may not recover damages for nuisance, trespass, or interference with its riparian rights in connection with any real property which it does not own.

*Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1017-1019 (11th Cir. 2004)

**The Lakeside Defendants Request to Charge No. 10**

<u>Nominal Damages</u>

The law infers some damage whenever there is an invasion of a property right as a result of increased siltation or surface water runoff.

If no evidence is given of any particular amount of the loss, or if the resulting damages are not susceptible of reasonable certainty, then a jury may award nominal damages.

*Daugherty v. C & D Sportswear Corp.*, 239 Ga. 482 (238 S.E.2d 37) (1977)

*Ponce de Leon Condominiums v. Di Girolamo*, 238 Ga. 188 (3) (1977)

**The Lakeside Defendants Request to Charge No. 11**

<u>Torts; Negligence</u>

In order to recover on a theory of negligence, a plaintiff must establish a legal duty on the part of a defendant, the defendant's breach of that duty, a causal connection between such breach and the resulting injury, and damage to the plaintiff.

As Jurors, it is your "duty to determine not only whether the act or acts [alleged by the plaintiff] were committed, but also, if committed, whether the same amounted to negligence, and if so, whether such negligent act or acts proximately caused plaintiff's injuries".   However, in determining whether the plaintiff has met its burden of proving that a defendant's negligence was a proximate cause of its injury, you are not required to address the various elements of a negligence claim in any set order.

*Crister v. McFadden*, 277 Ga. 653 (593 S.E.2d 330) (2004)

**The Lakeside Defendants Request to Charge No. 12**

<u>Torts; Ordinary Negligence</u>

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinary careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

O.C.G.A. § 51-1-2

(Georgia) Suggested Pattern Jury Instructions (5th Ed.), 60.010

**The Lakeside Defendants Request to Charge No. 13**

<u>Torts; Negligence Per Se</u>

The plaintiff contends that the defendants violated certain laws, regulations and ordinances.  Any such violation is called negligence *per* se, which means negligence as a matter of law.  It is your duty to decide whether such violation took place or not.

*Ford Motor Co. v. Carter*, 141 Ga. App. 371, 374; 239 Ga. 647, 662 (1977)

(Georgia) Suggested Pattern Jury Instructions (5th Ed.), 60.050

**The Lakeside Defendants Request to Charge No. 14**

<u>Torts; Need to Show Causation</u>

A Defendant will not be liable simply because he or she was negligent. Rather, a Plaintiff must establish by a preponderance of the evidence that a Defendant's negligence proximately caused or contributed to the Plaintiff's injuries. Negligence alone is not enough to sustain recovery.

*Zwiren v. Thompson*, 276 Ga. 498, 500 (578 S.E.2d 862) (2003)

*Parrott v. Chatham County Hospital Authority*, 145 Ga. App. 113 (1978)

**The Lakeside Defendants Request to Charge No. 15**

<u>Torts; Speculation</u>

A possibility that the alleged negligence caused an injury to a plaintiff is not sufficient to establish proximate cause. Causation must be more than mere chance or speculation.

*Zwiren v. Thompson*, 276 Ga. 498, 500 (578 S.E.2d 862) (2003)

*Abdul-Majeed v. Emory University Hospital*, 225 Ga. App. 608 (484 SE2d 257) (1997)

**The Lakeside Defendants Request to Charge No. 16**

<u>Torts; Proximate Cause</u>

If an injury would have occurred notwithstanding the alleged acts of negligence of a defendant, there can be no recovery in an action for negligence.

*Butler v. South Fulton Medical Center, Inc.*, 215 Ga. App. 809, 814 (1994)

**The Lakeside Defendants Request to Charge No. 17**

<u>Punitive Damages</u>

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may award punitive damages, the plaintiff must prove that a defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The latter expression relates to an intentional disregard of the rights of another, knowingly or willfully disregarding such rights.

The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence. Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence.

If the plaintiff fails to prove, by clearing and convincing evidence, that a defendant was guilty of willful misconduct, malice, fraud, wantonness,

oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award punitive damages against that defendant. Mere negligence, even gross negligence, will not alone authorize an award of punitive damages.

Punitive damages, when authorized, are awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide to impose punitive damages.

(Georgia) Suggested Pattern Jury Instructions (5th Ed.), 66.504; 02.040; 66.702

*Ponce de Leon Condominiums v. Digirolamo*, 238 Ga. 188, 189 (1) (1977)

*Tyler v. Lincoln*, 272 Ga. 118, 120 (2000)

**The Lakeside Defendants Request to Charge No. 18**

<u>Damages; Attorney's Fees</u>

The plaintiff in this case has made a special plea for attorney's fees. Attorney's fees as expenses of litigation are not punitive or vindictive damages, but stand alone and are regulated by Georgia statute.  Under that statute the plaintiff's request for attorney's fees should be granted if you find any one of three requirements to have been met with regard to a defendant:  (1) that the Defendant has acted in bad faith; (2) that the defendant has been stubbornly litigious; or (3) that the defendant has caused the plaintiff unnecessary trouble and expense.

As to the first requirement, the bad faith referred to must have occurred during the transaction out of which the cause of action arose.

As to the second requirement, stubborn litigiousness will not be found where a bona fide controversy exists as to the issue(s) in litigation; nor will it be based on a refusal to pay a disputed claim.

As to the third requirement, an award of attorney's fees for unnecessary trouble and expense is authorized where a defendant has forced a plaintiff to sue and no bona fide controversy exists.  On the other hand, a bona fide controversy

would preclude an award of attorney's fees under the third requirement.

If none of these requirements apply to an individual defendant, then you should not award the plaintiff any attorney's fees as to that defendant.

Keeping these guidelines in mind, you should consider the evidence which has been presented to you and determine whether or not you will award to the plaintiff his attorney's fees as expenses of litigation.

O.C.G.A. § 13-6-11

*Ponce de Leon Condominiums v. Digirolamo*, 238 Ga. 188, 189 (1) (1977)

**The Lakeside Defendants Request to Charge No. 19**

<u>Apportionment; O.C.G.A. § 51-12-33(a)</u>

If you, the jury, find that the City of Mountain Park is to some degree responsible for the injury or damages claimed, but that the City of Mountain Park is still entitled to recover damages on its state law claims, then you shall determine the percentage of fault of the plaintiff, and insert the plaintiff's percentage of fault on the Verdict Form that will be provided by the Court.

**The Lakeside Defendants Request to Charge No. 20**

<u>Apportionment of Damages; O.C.G.A. § 51-12-33(b)</u>

If you, the jury find that the City of Mountain Park is entitled to recover damages on its state law claims, then you shall apportion your award of damages among the persons who are liable according to the percentage of fault of each person, and insert each person's percentage of fault on the Verdict Form that will be provided by the Court.

In assessing percentages of fault, you, the jury, shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.

**The Lakeside Defendants Request to Charge No. 21**

<u>Experts; General</u>

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field - one who is called an expert witness - is permitted to state his or her opinion concerning technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it; and when an expert witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias, particularly where court testimony is given with regularity and represents a significant portion of the witness's income.

11th Circuit Standard Jury Instruction No. 5.2

*Life & Casualty Insurance Company v. Truett*, 12 Ga. App. 338, 343.

*(Georgia) Suggested Pattern Jury Charges, Volume I: Civil Cases, Fourth Edition*, 02.120

**The Lakeside Defendants Request to Charge No. 22**

<u>Sympathy</u>

At the beginning of the trial you took an oath to render a true verdict, according to the law given to you in this charge and the opinion you entertain of the evidence produced to you, to the best of your skill and knowledge, without favor or sympathy to one party or another.  It is your duty in your deliberations to consider only the facts presented to you at the trial of the case and to consider the facts objectively, without favor, affection or sympathy to either party.

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for the Lakeside Defendants hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 7th day of June, 2010.

COLEMAN TALLEY LLP

/s/Edward F. Preston
Edward F. Preston, Esq.
Georgia Bar No. 587416

910 N. Patterson Street
Post Office Box 5437
Valdosta, GA 31603-5437
Telephone: (229) 242-7562
Facsimile: (229) 333-0885
E-Mail: ed.preston@colemantalley.com

*Attorneys for Defendants Lakeside at
Ansley, LLC and Chatham Holdings
Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for the Lakeside Defendants hereby certifies that on June 7th, 2010, I served the foregoing pleading via CM/ECF to the following attorneys of record:

Martin A. Shelton, Esq.
Holly P. Cole, Esq.
SCHULTEN, WARD, TURNER, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
mas@swtlaw.com
hpc@swtlaw.com

Jennifer Cooper, Esq.
Steven Press, Esq.
BAKER, DONELSON
Monarch Plaza, Suite 1600
3414 Peachtree Road, NE
Atlanta, GA 30326
jcooper@bakerdonelson.com
spress@bakerdonelson.com

Richard J. Capriola, Esq.
Michael S. Love, Esq.
WEINSTOCK & SCAVO, P.C.
3405 Piedmont Road, N.E.
Suite 300
Atlanta, GA 30305
rcapriola@wslaw.com
mlove@wslaw.com

Patrick B. Moore, Esq.
Shubhra R. Mashelkar
WEINBERG, WHEELER HUDGINS,
GUNN & DIAL, LLC
950 East Paces Ferry Road
Suite 3000
Atlanta, GA 30326
pmoore@wwhgd.com
smashelkar@wwhgd.com

So certified this 7th day of June, 2010.

                                    COLEMAN TALLEY LLP
                                    /s/Edward F. Preston
                                    Georgia Bar No. 587416


Post Office Box 5437
Valdosta, GA 31603-5437
Telephone: (229) 242-7562
Facsimile:   (229) 333-0885
E-mail: ed.preston@colemantalley.com

*Attorneys for Defendants Lakeside at*
*Ansley, LLC and Chatham Holdings*
*Corporation*