UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

By

CITY OF MOUNTAIN PARK,
GEORGIA,

Plaintiff,

v.

LAKESIDE AT ANSLEY, LLC., et al.,

Defendants.

CIVIL ACTION

NO. 1:05-2775-CAP

## VERDICT

Please complete parts "I" through"XI", answering the questions and filling

in the blanks as necessary to reflect your verdict:

## I. Clean Water Act

A(1)(a).   With regard to the Clean Water Act, we the jury find that Defendant

Lakeside at Ansley, LLC:

DID VIOLATE the Act          _X_

DID NOT VIOLATE the Act      _____

(b).   If you found in Section I(A)(1)(a) that Lakeside at Ansley, LLC DID

VIOLATE the Clean Water Act, was that violation ongoing as of

October 26, 2005?

YES __X__          NO _____

If you find that Defendant Lakeside at Ansley, LLC did not violate the Clean Water Act or that any violation was not ongoing as of October 26, 2005, skip all of part A(2) and A(3). If you find that Defendant Lakeside at Ansley, LLC did violate the Clean Water Act, and the violation was ongoing as of October 26, 2005, please complete the following Parts A(2)-A(3):

A(2). (a)  Defendant Lakeside at Ansley, LLC violated Section 402 of the Clean Water Act as follows:

   (1)  by discharging pollutants into waters of the United States in violation of the NPDES General Construction Storm Water Discharge Permit (the Permit).

   Yes_X_  No_____

   (2)  by failing to properly design, implement, and/or maintain, at all times, the appropriate Best Management Practices (BMPs) to prevent and minimize erosion and sedimentation for all construction and land disturbing activities in violation of the NPDES General Construction Storm Water Discharge Permit (the Permit).

   Yes_X_  No_____

(3)    by discharging storm water with a turbidity of greater than 25
       NTUs at times when BMPs were not in place in violation of
       the NPDES General Construction Storm Water Discharge
       Permit (the Permit).

       Yes_____    No__X__

(4)    by failing to adhere to specific engineering principles
       including the protection of adjoining properties and the
       preservation of stream buffers in violation of the NPDES
       General Construction Storm Water Discharge Permit (the
       Permit).

       Yes_____    No__X__

(5)    by discharging storm water in violation of Georgia's water
       quality standards in violation of the NPDES General
       Construction Storm Water Discharge Permit (the Permit).

       Yes__X__    No_____

(b)    Defendant Lakeside at Ansley, LLC violated Section 404 of the Clean
       Water Act as follows:

(1) by discharging dredged and/or fill material into waters of the U.S. and/or wetlands without a permit under Section 404 of the Clean Water Act.

Yes_____ No_X_

(2) by designing, building, and maintaining a "structure, infrastructure, or impoundment requiring rock, sand, dirt or other material for its construction" in waters of the U.S. without a permit under Section 404 of the Clean Water Act.

Yes_____ No_X_

A(3). Having found that Defendant Lakeside at Ansley, LLC violated the Clean Water Act, we find, by a preponderance of the evidence, that the violations took place on the following total number of days: 17

_____.

B(1)(a) . With regard to the Clean Water Act, we the jury find that Defendant Chatham Holdings Corporation:

DID VIOLATE the Act _X_

DID NOT VIOLATE the Act _____

(b).  If you found in Section I(B)(1)(a) that Chatham Holdings
      Corporation DID VIOLATE the Clean Water Act, was that violation
      ongoing as of October 26, 2005?

      YES ___X___      NO _____

If you find that Defendant Chatham Holdings Corporation did not violate the
Clean Water Act or that the violation was not ongoing as of October 26, 2005,
skip all of Part B(2) and B(3). If you find that Defendant Chatham Holdings
Corporation did violate the Clean Water Act and that violation was ongoing as of
October 26, 2005, please complete the following Parts B(2) - B(3):

B(2). (a)   Defendant Chatham Holdings Corporation violated Section 402 of
            the Clean Water Act as follows:

            (1)   by discharging pollutants into waters of the United States in
                  violation of the NPDES General Construction Storm Water
                  Discharge Permit (the Permit).

                  Yes_X___  No_____

            (2)   by failing to properly design, implement, and/or maintain, at
                  all times, the appropriate Best Management Practices (BMPs)
                  to prevent and minimize erosion and sedimentation for all
                  construction and land disturbing activities in violation of the

NPDES General Construction Storm Water Discharge Permit (the Permit).

Yes_X_   No_____

(3)   by discharging storm water with a turbidity of greater than 25 NTUs at times when BMPs were not in place in violation of the NPDES General Construction Storm Water Discharge Permit (the Permit).

Yes_____   No_X_

(4)   by failing to adhere to specific engineering principles including the protection of adjoining properties and the preservation of stream buffers in violation of the NPDES General Construction Storm Water Discharge Permit (the Permit).

Yes_____   No_X_

(5)   by discharging storm water in violation of Georgia's water quality standards in violation of the NPDES General Construction Storm Water Discharge Permit (the Permit).

Yes_X_   No_____

(b)   Defendant Chatham Holdings Corporation violated Section 404 of the Clean Water Act as follows:

(1)     by discharging dredged and/or fill material into waters of the

U.S. and/or wetlands without a permit under Section 404 of

the Clean Water Act.

Yes_____ No_X_

(2)     by designing, building, and maintaining a "structure,

infrastructure, or impoundment requiring rock, sand, dirt or

other material for its construction" in waters of the U.S.

without a permit under Section 404 of the Clean Water Act.

Yes_____ No_X_

B(3).   Having found that Defendant Chatham Holdings Corporation violated the

Clean Water Act, we find, by a preponderance of the evidence, that the

violations took place on the following total number of days:       17

_____.

C(1)(a).     With regard to the Clean Water Act, we the jury find that Defendant

Day Investments II, LLC:

DID VIOLATE the Act        _____

DID NOT VIOLATE the Act    _X_

(b). If you found in Section I(C)(1)(a) that Day Investments II, LLC DID VIOLATE the Clean Water Act, was that violation ongoing as of October 26, 2005?

YES _____     NO _____

If you find that Defendant Day Investments II, LLC did not violate the Clean Water Act or that the violation was not ongoing as of October 26, 2005, skip all of Part C(2) and C(3). If you find that Defendant Day Investments II, LLC did violate the Clean Water Act and that the violation was ongoing as of October 26, 2005, please complete the following Parts C(2) - C(3):

C(2). (a) Defendant Day Investments II, LLC violated Section 402 of the Clean Water Act as follows:

(1) by discharging pollutants into waters of the United States in violation of the NPDES General Construction Storm Water Discharge Permit (the Permit).

Yes_____     No_____

(2)    by failing to properly design, implement, and/or maintain, at all times, the appropriate Best Management Practices (BMPs) to prevent and minimize erosion and sedimentation for all construction and land disturbing activities in violation of the NPDES General Construction Storm Water Discharge the (Permit).

Yes_____ No_____

(3)    by discharging storm water with a turbidity of greater than 25 NTUs at times when BMPs were not in place in violation of the NPDES General Construction Storm Water Discharge Permit (the Permit).

Yes_____ No_____

(4)    by failing to adhere to specific engineering principles including the protection of adjoining properties and the preservation of stream buffers in violation of the NPDES General Construction Storm Water Discharge Permit (the Permit).

Yes_____ No_____

(5)    by discharging storm water in violation of Georgia's water quality standards in violation of the NPDES General

Construction Storm Water Discharge Permit (the Permit).

Yes_____ No_____

(b) Defendant Day Investments II, LLC violated Section 404 of the Clean
Water Act as follows:

(1) by discharging dredged and/or fill material into waters of the
U.S. and/or wetlands without a permit under Section 404 of
the Clean Water Act.

Yes_____ No_____

(2) by designing, building, and maintaining a "structure,
infrastructure, or impoundment requiring rock, sand, dirt or
other material for its construction" in waters of the U.S.
without a permit under Section 404 of the Clean Water Act.

Yes_____ No_____

C(3). Having found that Defendant Day Investments II, LLC violated the Clean
Water Act, we find, by a preponderance of the evidence, that the violations
took place on the following total number of days:

_____.

D(1)(a).   With regard to the Clean Water Act, we the jury find that Defendant

Peachtree Residential Properties, Inc. :

DID VIOLATE the Act           _____

DID NOT VIOLATE the Act    ✗

(b)    If you found in Section I(D)(1)(a) that Peachtree Residential

Properties, Inc. DID VIOLATE the Clean Water Act, was that

violation ongoing as of October 26, 2005?

YES _____           NO _____

If you find that Defendant Peachtree Residential Properties, Inc. did not violate

the Clean Water Act or that the violation was not ongoing as of October 26, 2005,

skip all of Parts D(2) and D(3). If you find that Defendant Peachtree Residential

Properties, Inc. did violate the Clean Water Act and that the violation was

ongoing as of October 26, 2005,, please complete the following Parts D(2) - D(3):

D(2).  (a)    Defendant Peachtree Residential Properties, Inc. violated Section

402 of the Clean Water Act as follows:

(1)    by discharging pollutants into waters of the United States in

violation of the NPDES General Construction Storm Water

Discharge Permit (the Permit).

Yes _____   No _____

(2)     by failing to properly design, implement, and/or maintain, at

        all times, the appropriate Best Management Practices (BMPs)

        to prevent and minimize erosion and sedimentation for all

        construction and land disturbing activities in violation of the

        NPDES General Construction Storm Water Discharge Permit

        (the Permit).

        Yes_____  No_____

(3)     by discharging storm water with a turbidity of greater than 25

        NTUs at times when BMPs were not in place in violation of

        the NPDES General Construction Storm Water Discharge

        Permit (the Permit).

        Yes_____  No_____

(4)     by failing to adhere to specific engineering principles

        including the protection of adjoining properties and the

        preservation of stream buffers in violation of the NPDES

        General Construction Storm Water Discharge Permit (the

        Permit).

        Yes_____  No_____

(5) by discharging storm water in violation of Georgia's water quality standards in violation of the NPDES General Construction Storm Water Discharge Permit (the Permit).

Yes_____ No_____

(b) Defendant Peachtree Residential Properties, Inc. violated Section 404 of the Clean Water Act as follows:

(1) by discharging dredged and/or fill material into waters of the U.S. and/or wetlands without a permit under Section 404 of the Clean Water Act.

Yes_____ No_____

(2) by designing, building, and maintaining a "structure, infrastructure, or impoundment requiring rock, sand, dirt or other material for its construction" in waters of the U.S. without a permit under Section 404 of the Clean Water Act.

Yes_____ No_____

D(3). Having found that Defendant Peachtree Residential Properties, Inc. violated the Clean Water Act, we find, by a preponderance of the evidence, that the violations took place on the following total number of days:

_____.

(Now proceed to Part II.)

## II. Nuisance

A.  Did the activities of Defendant Lakeside at Ansley, LLC at the Lakeside at Ansley Subdivision site interfere with Plaintiff's use and enjoyment of its property, thereby constituting a continuing nuisance to Plaintiff.

Yes_X_    No____

B.  Did the activities of Defendant Chatham Holdings Corporation at the Lakeside at Ansley Subdivision site interfere with Plaintiff's use and enjoyment of its property, thereby constituting a continuing nuisance to Plaintiff.

Yes_X_    No____

C.  Did the activities of Defendant Day Investments II, LLC at the Huntington Park and/or Huntington Estates Subdivision site interfere with Plaintiff's use and enjoyment of its property, thereby constituting a continuing nuisance to Plaintiff.

Yes____    No_X_

D.  Did the activities of Defendant Peachtree Residential Properties, Inc. at the Huntington Park and/or Huntington Estates Subdivision site interfere with Plaintiff's use and enjoyment of its property, thereby constituting a continuing nuisance to Plaintiff.

Yes_____ No_X_

(Now proceed to Part III.)

### III. Continuing Trespass

A. Did Defendant Lakeside at Ansley, LLC commit a continuing trespass on to the property of Plaintiff.

Yes_X_ No_____

B. Did Defendant Chatham Holdings Corporation commit a continuing trespass on to the property of Plaintiff.

Yes_X_ No_____

C. Did Defendant Day Investments II, LLC commit a continuing trespass on to the property of Plaintiff.

Yes_____ No_X_

D. Defendant Peachtree Residential Properties, Inc. commit a continuing trespass on to the property of Plaintiff.

Yes_____ No_X_

(Now proceed to Part IV.)

## IV. Negligence

A.     Was Defendant Lakeside at Ansley, LLC negligent in the manner in which it conducted operations on the Lakeside at Ansley Subdivision site allowing excess sediment and water to flow from Lakeside at Ansley on to Plaintiff's property.

Yes_____   No_✗_

B.     Was Defendant Chatham Holdings Corporation negligent in the manner in which it conducted operations on the Lakeside at Ansley Subdivision site allowing excess sediment and water to flow from Lakeside at Ansley on to Plaintiff's property.

Yes_____   No_✗_

C.     Was Defendant Day Investments II, LLC negligent in the manner in which it conducted operations on the Huntington Park and/or Huntington Estates Subdivision site allowing excess sediment and water to flow from Huntington Park and/or Huntington Estates on to Plaintiff's property.

Yes_____   No_✗_

D.     Was Defendant Peachtree Residential Properties, Inc. negligent in the manner in which it conducted operations on the Huntington Park and/or Huntington Estates Subdivision site allowing excess sediment and water to flow from Huntington Park and/or Huntington Estates on to Plaintiff's property.

Yes_____ No_X_

(Now proceed to Part V.)

## V. Negligence *Per Se*

A. Was Defendant Lakeside at Ansley, LLC negligent in failing to follow applicable laws, statutes, rules and regulations on the Lakeside at Ansley Subdivision site which allowed excess sediment and water to flow from Lakeside at Ansley on to Plaintiff's property.

Yes_X_ No_____

B. Was Defendant Chatham Holdings Corporation negligent in failing to follow applicable laws, statutes, rules and regulations on the Lakeside at Ansley Subdivision site which allowed excess sediment and water to flow from Lakeside at Ansley on to Plaintiff's property.

Yes_X_ No_____

C. Was Defendant Day Investments II, LLC negligent in failing to follow applicable laws, statutes, rules and regulations on the Huntington Park and/or Huntington Estates Subdivision site which allowed excess sediment and water to flow from Huntington Park and/or Huntington Estates Subdivision on to Plaintiff's property.

Yes_____ No_X_

D.     Was Defendant Peachtree Residential Properties, Inc. negligent in failing to follow applicable laws, statutes, rules and regulations on the Huntington Park and/or Huntington Estates Subdivision site allowed excess sediment and water to flow from Huntington Park and/or Huntington Estates Subdivision on to Plaintiff's property.

Yes\_\_\_\_\_     No\_✗\_

(Now proceed to Part VI.)

## VI.  Violation of Riparian Rights

A.     Did Defendant Lakeside at Ansley, LLC 's actions and/or omissions on the Lakeside at Ansley subdivision site result in the adulteration and degradation of waters which flow into Plaintiff's watercourses thereby interfering with Plaintiff's traditional recreational and aesthetic uses of its property.

Yes\_✗\_     No\_\_\_\_\_

B.     Did Defendant Chatham Holdings Corporation's actions and/or omissions on the Lakeside at Ansley subdivision site result in the adulteration and degradation of waters which flow into Plaintiff's watercourses thereby interfering with Plaintiff's traditional recreational and aesthetic uses of its property.

Yes\_✗\_     No\_\_\_\_\_

Page 18

C.  Did Defendant Day Investments II, LLC's actions and/or omissions on the Huntington Park and/or Huntington Estates subdivision site result in the adulteration and degradation of waters which flow into Plaintiff's watercourses thereby interfering with Plaintiff's traditional recreational and aesthetic uses of its property.

Yes_X__  No_____

D.  Did Defendant Peachtree Residential Properties, Inc.'s actions and/or omissions on the Huntington Park and/or Huntington Estates subdivision site result in the adulteration and degradation of waters which flow into Plaintiff's watercourses thereby interfering with Plaintiff's traditional recreational and aesthetic uses of its property.

Yes_X__  No_____

(Now proceed to Part VII.)

## VII. Causation

If you have found in favor of the Plaintiff, and against Defendants Lakeside at Ansley, LLC, Chatham Holdings Corporation, Day Investments II, LLC, or Peachtree Residential Properties, Inc., with regard to Plaintiff's claims for nuisance, trespass, negligence, negligence *per se* or riparian rights, do you also find that:

Page 19

A.    the actions of Defendant Lakeside at Ansley, LLC, which resulted in the

       creation of a nuisance or which constituted trespass, negligence, negligence

       *per se* or a violation of riparian rights were the cause of any damage to the

       Plaintiff?

                  Yes__X__    No_____

B.     the actions of Defendant Chatham Holdings Corporation, which resulted

       in the creation of a nuisance or which constituted trespass, negligence,

       negligence *per se* or a violation of riparian rights were the cause of any

       damage to the Plaintiff?

                  Yes__X__    No_____

C.     the actions of Defendant Day Investments II, LLC, which resulted in the

       creation of a nuisance or which constituted trespass, negligence, negligence

       *per se* or a violation of riparian rights were the cause of any damage to the

       Plaintiff?

                  Yes__X__    No_____

D.     the actions of Defendant Peachtree Residential Properties, Inc., which

       resulted in the creation of a nuisance or which constituted trespass,

       negligence, negligence *per se* or a violation of riparian rights were the cause

       of any damage to the Plaintiff?

                  Yes__X__    No_____

ONLY IF YOU ANSWERED "YES" TO ANY OF THE QUESTIONS IN PARTS II THROUGH VII, PROCEED TO PART VIII.

## VIII. Assessment of Fault

A.(1) Do you find that Plaintiff City of Mountain Park was to some degree responsible for the injury or damages sought by Plaintiff against Defendants in this case?

Yes  X      No_____

A.(2) If you answered NO, proceed to Part VIII(B), if you answered YES, what percentage of fault, if any, do you attribute to the Plaintiff City of Mountain Park:

(0% to 100%)        $80.5$        %

Proceed to Part VIII(B).

B. What percentage of fault, if any, do you attribute to the following Defendants who contributed to the Plaintiff's alleged injury or damages (only applies to those Defendants against whom liability was found in Section VII "Causation"):

| | | |
|---|---|---|
| Lakeside at Ansley, LLC | (0% to 100%) | $6$ % |
| Chatham Holdings Corporation | (0% to 100%) | $6$ % |
| Day Investments II, LLC | (0% to 100%) | $2.5$ % |
| Peachtree Residential Properties, Inc. | (0% to 100%) | $2.5$ % |

C. What percentage of fault, if any, do you attribute to the following

Defendant, against whom default has been entered by the Court, for the

Plaintiff's alleged injury or damages:

Crabapple Development &
Investment Corporation      (0% to 100%)     __2.5__ %

(Now proceed to Part VIII(D).)

D.(1) Do you find that any of the following non-parties with whom Plaintiff has

entered into a settlement agreement in this matter to be at fault for contributing

to Plaintiff's alleged injury or damages:

     a.     Woomer Construction Company

        Yes_____    No__X__

     b.     Brookfield Country Club, Inc.

        Yes_____    No__X__

     c.     St. James-Brookfield, LLC.

        Yes_____    No__X__

D.(2) If you answered NO, proceed to Part IX, if you answered YES, what

percentage of fault, if any, do you attribute to the following non-parties:

     a.     Woomer Construction Company

     (0% to 100%)     _____ %

     b.     Brookfield Country Club, Inc.

(0% to 100%) _____ %

c.   St. James-Brookfield, LLC.

(0% to 100%) _____ %

(Now Proceed to Part IX)

## IX. Nominal Damages

If you answered "Yes" to the questions in Section VII, proceed to answer
the following questions:

A.   As to Defendant Lakeside at Ansley, LLC, we the jury award

$ __17,500.00__ to Plaintiff as nominal damages which the law presumes and
are inferred from the invasion of Plaintiff's property rights and which are
allowed for any invasion of a property right whether or not actual damages
result therefrom.

B.   As to Defendant Chatham Holdings Corporation, we the jury award

$ __17,500.00__ to Plaintiff as nominal damages which the law presumes and
are inferred from the invasion of Plaintiff's property rights and which are
allowed for any invasion of a property right whether or not actual damages
result therefrom.

C.   As to Defendant Day Investments II, LLC, we the jury award

$ __5000.00__ to Plaintiff as nominal damages which the law presumes and

are inferred from the invasion of Plaintiff's property rights and which are

allowed for any invasion of a property right whether or not actual damages

result therefrom.

D.     As to Defendant Peachtree Residential Properties, Inc., we the jury award

$ _5000.00_ to Plaintiff as nominal damages which the law presumes

and are inferred from the invasion of Plaintiff's property rights and which are

allowed for any invasion of a property right whether or not actual damages

result therefrom.

(Now proceed to Part X.)

THIS SECTION IS TO BE COMPLETED ONLY FOR THOSE DEFENDANTS, IF
ANY, AGAINST WHOM THERE HAS BEEN A FINDING OF LIABILITY

## X. Attorney's Fees and Expenses of Litigation

A(1)(a).     Did Defendant Lakeside at Ansley, LLC act in bad faith with respect

to the conduct that allegedly caused harm to Plaintiff, or been stubbornly

litigious or caused unnecessary trouble and expense with respect to this

lawsuit.

Yes _____     No _X_

(b)     If your answer is yes, please state the amount Plaintiff should be

awarded for reasonable attorney's fees and expenses of litigation against

Lakeside at Ansley, LLC:     $_____

A(2)(a). Did Defendant Chatham Holdings Corporation act in bad faith with respect to the conduct that allegedly caused harm to Plaintiff, or been stubbornly litigious or caused unnecessary trouble and expense with respect to this lawsuit.

Yes _____ No __X__

(b) If your answer is yes, please state the amount Plaintiff should be awarded for reasonable attorney's fees and expenses of litigation against Chatham Holdings Corporation: $_____

A(3)(a). Did Defendant Day Investments II, LLC act in bad faith with respect to the conduct that allegedly caused harm to Plaintiff, or been stubbornly litigious or caused unnecessary trouble and expense with respect to this lawsuit.

Yes _____ No __X__

(b.) If your answer is yes, please state the amount Plaintiff should be awarded for reasonable attorney's fees and expenses of litigation against Day Investments II, LLC: $_____

A(4)(a). Did Defendant Peachtree Residential Properties, Inc. act in bad faith with respect to the conduct that allegedly caused harm to Plaintiff, or been stubbornly litigious or caused unnecessary trouble and expense with

respect to this lawsuit.

Yes _____    No ___X___

(b.)   If your answer is yes, please state the amount Plaintiff should be

awarded for reasonable attorney's fees and expenses of litigation against

Peachtree Residential Properties, Inc:

$_____

(Proceed to Part XI)

## XI. PUNITIVE DAMAGES

Please answer the questions and fill in the blanks as necessary to reflect

your verdict:

A(1).  Do you find by clear and convincing evidence that the actions of

Defendant Lakeside at Ansley, LLC demonstrated willful misconduct,

malice, fraud, wantonness, oppression, or that entire want of care which

would raise the presumption of conscious indifference to the consequences

of those actions toward Plaintiff.

Yes _____    No _X_

A(2).  Do you find by clear and convincing evidence that the actions of

Defendant Chatham Holdings Corporation demonstrated willful

misconduct, malice, fraud, wantonness, oppression, or that entire want of

care which would raise the presumption of conscious indifference to the consequences of those actions toward Plaintiff.

Yes_____ No_X_

A(3). Do you find by clear and convincing evidence that the actions of Defendant Day Investments II, LLC demonstrated willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of those actions toward Plaintiff.

Yes_____ No_X_

A(4). Do you find by clear and convincing evidence that the actions of Defendant Peachtree Residential Properties, Inc. demonstrated willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of those actions toward Plaintiff.

Yes_____ No_X_

IF YOU ANSWERED "YES," PLEASE PROCEED TO ANSWER THE FOLLOWING QUESTIONS

B(1). We find that Defendant Lakeside at Ansley, LLC acted, or failed to act, with a specific intent to cause harm to Plaintiff.

Yes_____ No_____

B(2). We find that Defendant Chatham Holdings Corporation acted, or failed to act, with a specific intent to cause harm to Plaintiff.

Yes_____ No_____

B(3). We find that Defendant Day Investments II, LLC acted, or failed to act, with a specific intent to cause harm to Plaintiff.

Yes_____ No_____

B(4). We find that Defendant Peachtree Residential Properties, Inc. acted, or failed to act, with a specific intent to cause harm to Plaintiff.

Yes_____ No_____

FOREPERSON

DATE: _10-27-10_